IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAMUEL RANDOLPH,

       Plaintiff,

    v.

CITY OF HARRISBURG, SERGEANT
ROBERT FEGAN, and INVESTIGATORS
DONALD HEFFNER, DAVID LAU,
TIMOTHY CARTER and KEVIN DUFFIN,
in their individual capacities,

       Defendants.

CIVIL ACTION NO. 1:22-cv-01239-SHR

The Honorable Sylvia H. Rambo

*Electronically Filed*

JURY TRIAL DEMANDED

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, City of Harrisburg, through its undersigned counsel, files the following Answer and Affirmative Defenses.

### Introduction

Plaintiff's introduction contains conclusions of law, does not comply with the requirements of FRCP 10(b), and does not require a response. To the extent an answer is required, these averments are denied.

### Jurisdiction and Venue

1.    The averments of paragraph 1 are admitted in part and denied in part. It is admitted that Plaintiff has asserted claims under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution, and that this Court has jurisdiction over such claims. Any remaining averments are denied.

2.    It is admitted that this Court has subject matter jurisdiction over claims asserted under 42 U.S.C. § 1983 and the U.S. Constitution.

{DocNo=00930528.3 }

3.      The averments of paragraph 3 are admitted insofar as the Court may exercise supplemental jurisdiction over pendent state law claims under 28 U.S.C. § 1367(a).

4.      The averments of paragraph 4 are admitted.

**Parties**

5.      Upon information and belief, the averments of paragraph 5 are admitted.

6.      The averments of paragraph 6 are admitted in part and denied in part.  It is admitted that the City of Harrisburg is a municipal corporation organized pursuant to the laws of the Commonwealth of Pennsylvania and operating pursuant to the Optional Third-Class City Charter Law. It is also admitted that the City of Harrisburg has a Bureau of Police and employed the individual Defendants prior to September 2001 and continuing through the dates set forth in paragraphs 7 through 11 below, which are incorporated herein by reference. All remaining averments are denied as stated.

7.      The averments of paragraph 7 are admitted with the clarification that Robert Fegan retired from the City of Harrisburg Police Bureau effective August 3, 2013.

8.      The averments of paragraph 8 are admitted with the clarification that David Lau retired from the City of Harrisburg Police Bureau effective May 24, 2015.

9.      The averments of paragraph 9 are admitted with the clarification that Donald Heffner retired from the City of Harrisburg Police Bureau effective August 19, 2017.

10.     The averments of paragraph 10 are admitted with the clarification that Timothy Carter retired from the City of Harrisburg Police Bureau in 2014 and passed away on January 4, 2020.

11.     The averments of paragraph 11 are admitted with the clarification that Kevin Duffin retired from the City of Harrisburg Police Bureau effective January 5, 2008.

### Statement of Facts

12.     The averments of paragraph 12 are admitted in part and denied in part as incomplete. It is admitted that on May 14, 2003, Plaintiff was convicted of multiple counts that included those identified in paragraph 12. By way of further answer, Plaintiff was convicted of: (a) 12 counts under docket number 1746 CR 2002 (two counts of first-degree murder, criminal attempt murder, criminal conspiracy to commit murder, five counts of aggravated assault, two counts of firearm violations, and reckless endangerment); (b) nine counts under docket number 1220 CR 2002 (three counts of criminal attempt murder, three counts of aggravated assault, two counts of firearms violations, and recklessly endangering); and (c) six counts under docket number 1374 CR 2002 (criminal attempt murder, two counts of aggravated assault, two counts of firearms violations, and recklessly endangering).

13.     The averments of paragraph 13 are admitted in part and denied in part.  It is admitted that the charges filed under the three dockets identified in the preceding paragraph arose from three shooting incidents that occurred in the City of Harrisburg, and that they were presented in a single jury trial.  The remaining averments are denied.

14.     The averments of paragraph 14 are denied.

15.     The averments of paragraph 15 are admitted in part and denied in part.  It is admitted Plaintiff was convicted of: (a) 12 counts under docket number 1746 CR 2002 (two counts of first-degree murder, criminal attempt murder, criminal conspiracy to commit murder, five counts of aggravated assault, two counts of firearm violations, and reckless

endangerment); (b) nine counts under docket number 1220 CR 2002 (three counts of criminal attempt murder, three counts of aggravated assault, two counts of firearms violations, and recklessly endangering); and (c) six counts under docket number 1374 CR 2002 (criminal attempt murder, two counts of aggravated assault, two counts of firearms violations, and recklessly endangering). The remaining averments are denied.

16.     The averments of paragraph 16 are admitted in part and denied in part.  It is admitted that on September 2, 2001, there was a drive-by shooting outside of 538 Maclay Street and that Gary Waters was hit by gunfire. The remaining averments are denied.

17.     The averments of paragraph 17 are admitted in part and denied in part. It is admitted that on September 3, 2001, there was a drive-by shooting at the vicinity of 6th Avenue and Maclay Street. The remaining averments are denied.

18.     The averments of paragraph 18 are admitted in part and denied in part.  It is admitted that on September 19, 2001, a shooting occurred at Todd and Pat's (formerly known as Charlie and Ernie's) bar, Thomas Easter and Anthony Burton died as result of gunshot wounds received during this incident, and that Alister Campbell, Lakisha Warren, John Brown, Tameka Jackson, and Reginald Gillespie suffered injuries caused by gunfire. The remaining averments are denied.

19.     The averments of paragraph 19 are denied.

20.     The averments of paragraph 20 are denied.

21.     The averments of paragraph 21 are denied.

22.     The averments of paragraph 22 are admitted as generally accurate.

23.    The averments of paragraph 23 are admitted in part and denied in part. It is admitted that Thomas Easter and Anthony Burton died at the scene from gunshot wounds and that Alister Campbell, Lakisha Warren, John Brown, Tameka Jackson, and Reginald Gillespie suffered injuries caused by gunfire. It also admitted that Amahl Scott witnessed parts of the incident. The remaining averments are denied.

24.    The averments of paragraph 24 are admitted in part and denied in part.  It is admitted that Officer Ryan spoke with Campbell, Warren, and Brown at Harrisburg Hospital on September 19, 2001. It is also admitted that Detective Lau spoke with Gillespie at the Osteopathic Hospital. The remaining averments are denied. By way of further answer, the Supplemental Report of Officer Kirk Aldrich indicates that he was dispatched at 2336 on September 19, 2001, and spoke with Gillespie at the Osteopathic Hospital.

25.    The averments of paragraph 25 are admitted in part and denied in part. It is admitted that none of the witnesses listed in paragraph 24 identified the shooter when they spoke with police at the hospital. The remaining averments are denied. The statements given to police are contained in documents that speak for themselves. By way of further answer, Amahl Scott and Alister Campbell subsequently identified Samuel Randolph as the shooter to police.

26.    The averments of paragraph 26 are admitted as generally accurate.

27.    The averments of paragraph 27 are admitted in part and denied in part.  It is admitted that Carter was assigned as the lead investigator. The remaining averments are denied as stated.

28.    The averments of paragraph 28 are denied.

29.     The averments of paragraph 29 are denied.

30.     The averments of paragraph 30 are denied.

31.     The averments of paragraph 31 are admitted in part and denied in part. It is admitted that Detectives Heffner, Duffin, and Lau participated in the investigation. The remaining averments are denied as stated.

32.     The averments of paragraph 32 are admitted in part and denied in part. It is admitted that Detective Lau spoke with Khalil Williams on September 20, 2021, and that Mr. Williams provided a voluntary statement on or about September 26, 2001. The police report and voluntary statement are documents that speak for themselves. The remaining averments are denied as stated.

33.     The averments of paragraph 33 are admitted in part and denied in part. Upon information and belief, a meeting was held on September 20, 2001. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments. Accordingly, all remaining averments are denied.

34.     The averments of paragraph 34 are denied.

35.     The averments of paragraph 35 are admitted in part and denied in part.  It is admitted that on September 22, 2001, at approximately 3:15 PM, a search warrant was executed at 1423 Naudain Street, and that Quendell Oliver and Investigator Carter were present. It is also admitted that Oliver provided a voluntary statement on September 22, 2001. The remaining averments are denied as stated.

36.     The averments of paragraph 36 are admitted in part and denied in part. It is admitted that as part of his voluntary statement on September 22, 2001, Oliver stated he

was robbed at gunpoint by Easter, Campbell, and Scott on September 17, 2001. The voluntary statement is a document that speaks for itself. The remaining averments are denied.

37.    The averments of paragraph 37 are admitted in part and denied in part. It is admitted that Oliver's September 22, 2001, voluntary statement includes his denial of involvement in the murders. The voluntary statement is a document that speaks for itself. The remaining averments are denied as stated.

38.    After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 38.

39.    The averments in paragraph 39 are admitted in part and denied in part.  It is admitted that Investigator Carter interviewed Pitts on September 21, 2001. It is also admitted Pitts' voluntary statement indicates that he, Oliver, Horton, and Logan were looking for Easter, Campbell, and others on September 19, 2001. Pitts' voluntary statement is a document that speaks for itself.  The remaining averments are denied.

40.    The averments of Paragraph 40 are denied as stated. Pitts' voluntary statements are documents that speak for themselves.

41.    The averments of Paragraph 41 are admitted in part and denied in part. Upon information and belief, Investigator Carter would have conferred with the District Attorney's office before applying for the search warrant on September 22, 2001. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the timing or content of such communication. The remaining averments are denied.

42.     The averments in paragraph 42 are admitted in part and denied in part. It is admitted that the Harrisburg police executed a search warrant at 1423 Naudain Street, and that a Receipt/Inventory of Seized Property was submitted, a document that speaks for itself.  The remaining averments are denied.

43.     The averments of paragraph 43 are admitted in part and denied in part. It is admitted that investigators learned of the fight that Plaintiff had with Campbell and Waters on September 2, 2001. The remaining averments are denied as stated.

44.     The averments of paragraph 44, including footnote 3, are denied as stated.

45.     The averments of paragraph 45 are denied.

46.     The averments of paragraph 46 are denied.

47.     The averments of paragraph 47 are denied.

48.     The averment of paragraph 48 is denied.

49.     The averments of paragraph 49 are denied.

50.     The averments of paragraph 50 are denied as stated.

51.     The averments of paragraph 51 are denied as stated.

52.     The averments of paragraph 52 are admitted.

53.     The averments of paragraph 53 are denied as stated.

54.     The averments of paragraph 54 are denied.

55.     The averments of paragraph 55 are admitted in part and denied in part. It is admitted that Investigator Carter interviewed Amahl Scott on October 10, 2001. Upon information and belief, Detectives Massey and Duffy were also present. The remaining averments are denied.

56.     The averments of paragraph 56 are denied.

{DocNo=00930528.3 }

57.     The averments of paragraph 57 are denied.

58.     The averments of paragraph 58 are admitted in part and denied in part. It is admitted that Scott provided a voluntary statement wherein he identified Samuel Randolph as the shooter in the Todd and Pat's bar incident. The remaining averments are denied.

59.     The averments of paragraph 59 are denied. The voluntary statement is a document that speaks for itself.

60.     The averments of paragraph 60 are denied.

61.     The averments of paragraph 61 are denied.

62.     The averments of paragraph 62 are denied.

63.     The averments of paragraph 63 are denied.

64.     The averments of paragraph 64 are admitted.

65.     The averments of paragraph 65 are admitted.

66.     The averments of paragraph 66 are admitted.

67.     The averments of paragraph 67 are admitted.

68.     The averments of paragraph 68 are admitted.

69.     The averments of paragraph 69 are denied as stated.

70.     The averments of paragraph 70 are denied.

71.     The averments of paragraph 71 are admitted in part and denied in part. It is admitted that on February 7, 2002, Waters was arrested by Detective Lau for possession with intent to deliver a controlled substance. The remaining averments are denied.

72.     The averments of paragraph 72 are admitted as generally accurate.

73.     The averments of paragraph 73 are denied as stated.

74.     The averments of paragraph 74 are admitted in part and denied in part. It is admitted that police reports indicate that Waters did not fully cooperate in the investigation. By way of further answer, Waters identified Randolph as the person who shot him in two different incidents. The remaining averments are denied as stated.

75.     The averments of paragraph 75 are admitted in part and denied in part.  It is admitted that Waters was arrested by Harrisburg Police on February 7, 2002. The remaining averments are denied.

76.     The averments of paragraph 76 are admitted.

77.     The averments of paragraph 77 are denied.

78.     The averments of paragraph 78 are denied.

79.     The averments of paragraph 79 are denied.

80.     The averments of paragraph 80 are admitted in part and denied in part. It is admitted that Waters told detectives that he believed Randolph was the individual who shot him in two different incidents. The police reports and judicial records relating to same are documents that speak for themselves. The remaining averments are denied as stated.

81.     The averments of paragraph 81 are denied as stated.

82.     The averments of paragraph 82 are denied.

83.     The averments of paragraph 83 are admitted in part and denied in part. It is admitted that Clayton testified on May 8, 2003, that "I always call Heffner when something goes on with me" in response to the question "How did you know to call Officer Heffner?" The remaining averments are denied.

84.     The averments of paragraph 84 are denied.

{DocNo=00930528.3 }

85.     The averments of paragraph 85 are admitted in part and denied in part. It is admitted that Clayton called Heffner on February 14, 2002, and that she provided a voluntary statement on that date wherein she identified Plaintiff as the person who fired shots from the vehicle into another vehicle in reference to the September 3, 2001, incident.  The remaining averments are denied.

86.     The averments of paragraph 86 are denied.

87.     The averments of paragraph 87 are denied.

88.     The averments of paragraph 88 are denied.

89.     The averments of paragraph 89 are denied.

90.     The averments of paragraph 90 are admitted in part and denied in part. It is admitted that Waters testified at Randolph's preliminary hearing on April 1, 2002, and that he identified Randolph as the person in the moving vehicle who shot at him on Maclay Street. It is denied that Clayton testified at the preliminary hearing. The remaining averments are denied.

91.     The averments of paragraph 91 are denied as stated.

92.     The averments of paragraph 92 are denied. Insofar as these averments refer to judicial records or police reports, these documents speak for themselves.

93.     The averments of paragraph 93 are denied.

94.     The averments of paragraph 94 are denied.

95.     The averments of paragraph 95 are denied. By way of further answer, Clayton testified that prior to the shooting, she saw Randolph in the front seat passenger side and that she saw two guns pointing out of the passenger's side.

96.     The averments of paragraph 96 are admitted in part and denied in part.  It is admitted that on September 2, 2001, there was a drive-by shooting outside of the Baby Grand.  The remaining averments are denied as stated.

97.     The averments of paragraph 97 are admitted in part and denied in part. It is admitted that Harrisburg Police spoke with Ronald Roebuck, Donald Roebuck, Wells and Sellers. It is denied that these four individuals were the only persons interviewed regarding this incident. The remaining averments are denied.

98.     The averments of paragraph 98 are denied. By way of further answer, any police reports or judicial records relating to witness accounts speak for themselves.

99.     The averments of paragraph 99 are denied.

100.    The averments of paragraph 100 are denied.

101.    The averments of paragraph 101 are denied.

102.    The averments of paragraph 102 are denied.

103.    The averments of paragraph 103 are denied.

104.    The averments of paragraph 104 are denied.

105.    The averments of paragraph 105 are denied.

106.    The averments of paragraph 106 are denied.

107.    The averments of paragraph 107 are denied.

108.    The averments of paragraph 108 are denied.

109.    The averments of paragraph 109 are denied.

110.    The averments of paragraph 110 are denied.

111.    The averments of paragraph 111 are denied.

112.    After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 112.

113.    The averments of paragraph 113 are admitted in part and denied in part. It is admitted that Plaintiff was in custody on April 2, 2002. The remaining averments are denied.

114.    The averments of paragraph 114 are denied.

115.    The averments of paragraph 115 are admitted in part and denied in part.  It is admitted only that a preliminary hearing was held on April 1, 2002. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments.

116.    After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 116.

117.    The averments of paragraph 117 are denied.

118.    The averments of paragraph 118 are denied.

119.    The averments of paragraph 119 are denied.

120.    The averments of paragraph 120 are admitted in part and denied in part.  It is admitted that Ronald Roebuck testified at the preliminary hearing and at trial about the September 2, 2001, shooting at the Baby Grand. The remaining averments are denied as stated. By way of further answer, the transcripts of testimony given are records that speak for themselves.

121.    The averments of paragraph 121 are denied as stated.

122.    The averments of paragraph 122 are denied as stated.

123.    The averments of paragraph 123 are denied as stated.

124.    The averments of paragraph 124 are admitted in part and denied in part.  It is admitted that in October and November 2003, Attorney Stretton filed numerous motions and documents, including a "Motion for A New Trial Based on Newly Discovered Evidence that the Police Withheld and Did Not Timely Turn Over to the Defense," a "Brief in Support of the Request for New Trial Based on After Discovered Evidence and/or Evidence That the Police Failed to Turn Over," a "Motion for After Discovered Evidence," a "Motion for New Trial Based on the Fact that False Testimony was Presented," and a "Supplemental Motion for a New Trial Based on Evidence that False Testimony was Presented." It is also admitted that Mr. Stratton submitted allegations of statements he claimed were made by Donald Roebuck to Mr. Stratton concerning an interview with Lau and Heffner. The remaining averments are denied.

125.    The averments of paragraph 125 are admitted in part and denied. It is admitted that Detective Lau interviewed Donald Roebuck on or about November 6, 2003. The remaining averments are denied.

126.    The averments of paragraph 126 are denied.

127.    The averments of paragraph 127 are denied.

128.    The averments of paragraph 128 are denied.

129.    The averments of paragraph 129 are admitted in part and denied. It is admitted that Detective Lau's report includes the excerpted text identified in paragraph 129. The remaining averments are denied.

130.    The averments of paragraph 130 are denied.

131.    The averments of paragraph 131 are admitted in part and denied in part. It is admitted that Campbell was arrested on March 21, 2002. Upon information and belief,

the U.S. Marshall's task force arrested Campbell pursuant to outstanding warrants for robbery, firearms violations, and aggravated assault. The remaining averments are denied.

132.    The averments of paragraph 132 are admitted.

133.    The averments of paragraph 133 are denied.

134.    The averments of paragraph 134 are denied.

135.    The averments of paragraph 135 are denied as stated.

136.    The averments of paragraph 136 are admitted in part and denied in part. It is admitted that Campbell did not identify Plaintiff as the shooter when he spoke with Officer Ryan on September 19, 2001. The remaining averments are denied as stated.

137.    The averments of paragraph 137 are admitted in part and denied in part. It is admitted that Campbell did not identify Plaintiff as the shooter when he spoke with Officer Pickles on September 20, 2001. The remaining averments are denied as stated.

138.    The averments of paragraph 138 are denied.

139.    The averments of paragraph 139 are denied.

140.    The averments of paragraph 140 are denied.

141.    The averments of paragraph 141 are denied.

142.    The averments of paragraph 142 are admitted in part and denied in part. Upon information and belief, Campbell made the statement that "he saw everything but won't say without getting some help first." The remaining averments are denied.

143.    The averments of paragraph 143 are denied.

144.    The averments of paragraph 144 are denied.

145.    The averments of paragraph 145 are denied.

146.   The averments of paragraph 146 are denied.

147.   The averments of paragraph 147 are denied.

148.   The averments of paragraph 148 are denied.

149.   The averments of paragraph 149 are denied.

150.   The averments of paragraph 150 are admitted in part and denied in part.  It is admitted only that Alister Campbell testified before the Dauphin County Grand Jury on April 16, 2002.  The remaining averments are denied.

151.   The averments of paragraph 151 are denied as stated.

152.   The averments of paragraph 152 are denied as stated. By way of further answer, the allegations relating to Alexander Bush, Jr. were raised and rejected in post-conviction proceedings. *See Commonwealth v. Randolph*, 873 A.2d 1277 (Pa. 2005).

153.   The averments of paragraph 153 are denied as stated.

154.   The averments of paragraph 154 are denied.

155.   The averments of paragraph 155 are denied as stated.

156.   The averments of paragraph 156 are admitted in part and denied in part. These averments relate to the Supplemental Report of Officer Floyd, which is a document that speaks for itself. The remaining averments are denied.

157.   The averments of paragraph 157 are denied as stated.

158.   The averments of paragraph 158 are admitted in part and denied in part. It is admitted that Officer Floyd entered the information set forth in his Supplemental Report. The remaining averments are denied.

159.   The averments of paragraph 159 are denied.

{DocNo=00930528.3 }

160.    The averments of paragraph 160 are denied as stated. By way of further answer, the allegations relating to Alexander Bush, Jr. were raised and rejected in post-conviction proceedings.

161.    The averments of paragraph 161 are denied. By way of further answer, the allegations relating to Alexander Bush, Jr. were raised and rejected in post-conviction proceedings.

162.    The averments of paragraph 162 are denied. By way of further answer, the allegations relating to Alexander Bush, Jr. were raised and rejected in post-conviction proceedings.

163.    The averments of paragraph 163 are denied. By way of further answer, the allegations relating to Alexander Bush, Jr. were raised and rejected in post-conviction proceedings. *See Commonwealth v. Randolph*, 873 A.2d 1277 (Pa. 2005).

164.    The averments of paragraph 164 are admitted. Defendant incorporates by reference its answers to paragraphs 12 and 13.

165.    The averments of paragraph 165 are denied.

166.    The averments of paragraph 166 are admitted in part and denied in part. It is admitted that the Commonwealth's ballistics expert's testimony included the quoted text in paragraph 166. The remaining averments are denied.

167.    The averments of paragraph 167 are denied.

168.    The averments of paragraph 168 are admitted in part and denied in part as incomplete.  Defendant incorporates by reference its answer to paragraph 12.

169.    The averments of paragraph 169 are admitted in part and denied in part as incomplete. The jury returned a verdict in the penalty phase on May 15, 2003, with respect

to the first-degree murder convictions. Plaintiff was sentenced on July 10, 2003, with respect to his conviction on all counts under docket nos. 1220 CR 2002, 1374 CR 2002, and 1746 CR 2002. In addition to both death sentences, Plaintiff was sentenced to an aggregate of 58 to 116 years for the other convictions.

170.   The averments of paragraph 170 are admitted in part and denied in part as incomplete. It is admitted that Plaintiff pursued post-conviction relief in state and federal court. Plaintiff's state court filings were unsuccessful. *See Commonwealth v. Randolph*, 873 A.2d 1277 (Pa. 2005). Plaintiff's federal court filings ultimately resulted in the granting of a new trial pursuant to Judge Conner's May 27, 2020 Opinion and Order (*see Randolph v. Beard*, MDPA Civil Action No. 1:06-cv-00901, ECF Nos. 266 and 267). The granting of Plaintiff's habeas petition was based solely on the Sixth Amendment and Judge Hoover's decision relative to a continuance that would have allowed private counsel (Attorney Stretton) to represent Plaintiff. However, Plaintiff did not succeed on any other grounds advanced through his post-conviction filings.

171.   The averments of paragraph 171 are admitted.

172.   The averments of paragraph 172 are admitted.

173.   After reasonable investigation, Defendant is without knowledge or information sufficient to know the truth of the averments of paragraph 173.

174.   After reasonable investigation, Defendant is without knowledge or information sufficient to know the truth of the averments of paragraph 174.

175.   The averment of paragraph 175 is admitted.

176.   The averment of paragraph 176 is admitted.

177.   The averments of paragraph 177 are admitted.

178.   The averments of paragraph 178 are denied.

179   The averments of paragraph 179 are denied.

180.   The averments of paragraph 180 are denied.

181.   The averments of paragraph 181 are denied.

182.   The averments of paragraph 182 are denied.

183.   The averments of paragraph 183 are denied.

184.   The averments of paragraph 184 are denied.

185.   The averments of paragraph 185 are denied.

186.   The averments of paragraph 186 are denied.

187.   The averments of paragraph 187 are denied.

188.   The averments of paragraph 188 are admitted in part and denied in part.  It is admitted that Lorenzo Johnson was convicted of murder in the first degree and criminal conspiracy to commit murder after a jury trial in the Dauphin County Court of Common Pleas at docket CP-22-CR-0001544-1996. The remaining averments are denied.

189.   The averments of paragraph 189 are admitted with the clarification that the shooting took place in an alley.

190.   The averments of paragraph 190 are admitted in part and denied in part.  It is admitted that Detective Duffin was involved in the investigation of the Williams murder and testified at trial. The remaining averments are denied.

191.   The averments of paragraph 191 are admitted in part and denied in part. Upon information contained in judicial records, it is admitted that Suquan Ripply was one of Robinson's potential alibi witnesses and that Ripply gave inconsistent statements to police and testified at trial. The remaining averments are denied as stated.

192.   The averments of paragraph 192 are denied.

193.   The averments of paragraph 193 are denied.

194.   The averments of paragraph 194 are denied.

195.   The averments of paragraph 195 are denied.

196.   The averments of paragraph 196 are denied.

197.   The averments of paragraph 197 are denied. *See Com. v. Johnson (Memorandum Opinion and Order)*, No. 1544 CD 1996 (Dauphin Co. Feb. 14, 2002); *Com. v. Johnson (Memorandum Op.),* No. 406 MDA 2002 (Pa. Super. July 17, 2003); *Johnson v. Mechling*, 541 F. Supp. 2d 651 (M.D. Pa. 2008); *Johnson v. Mechling*, 446 F. App'x 531, 533 (3d Cir. 2011); *Coleman v. Johnson*, 566 U.S. 650, 132 S.Ct. 2060 (2012). Upon information and belief, in return for vacating Johnson's original first-degree murder conviction and life prison term, the Dauphin County Court of Common Pleas accepted Johnson's no contest pleas to third-degree murder and conspiracy for the slaying of Taraja Williams. Johnson was then sentenced to 10 to 20 years in prison and paroled based on time served. The remaining averments are denied.

198.   The averments of paragraph 198 are denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the identified case as it does not presently have access to the court record.

199.   The averments of paragraph 199 are admitted in part and denied in part. It is admitted that Detectives Heffner and Lau were involved in the investigation of the shooting for which Sean Primm was arrested. The remaining averments are denied as stated.

200.   The averments of paragraph 200 are denied.

201.   The averments of paragraph 201 are denied.

202.   The averments of paragraph 202 are denied.

203.   The averments of paragraph 203 are denied.

204.   The averments of paragraph 204 are denied.

205.   The averments of paragraph 205 are denied.

206.   After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the content of testimony described in paragraph 206 as it does not presently have access to the trial transcript.

207.   After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the content of testimony described in paragraph 207 as it does not presently have access to the trial transcript.

208.   After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the content of testimony described in paragraph 208 as it does not presently have access to the trial transcript.

209.   The averments of paragraph 209 are denied.

210.   The averments of paragraph 210 are denied as stated.

211.   The averments of paragraph 211 are denied.

212.   The averments of paragraph 212 are denied.

213.   The averments of paragraph 213 are denied.

214.   The averments of paragraph 214 are denied.

215.   The averments of paragraph 215 are denied.

216.   The averments of paragraph 216 are denied.

217.   The averments of paragraph 217 are denied.

218.    After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the content of testimony described in paragraph 218 as it does not presently have access to the trial transcript.

219.    After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the content of testimony described in paragraph 219 as it does not presently have access to the trial transcript.

220.    After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the content of testimony described in paragraph 220 as it does not presently have access to the trial transcript.

221.    The averments of paragraph 221 are denied.

222.    The averments of paragraph 222 are admitted in part and denied in part.  It is admitted that Larry Trent Roberts was convicted of first-degree murder of Duwan Stern by a Dauphin County jury. All remaining averments are denied.

223.    The averment of paragraph 223 is admitted.

224.    The averments of paragraph 224 are denied.

225.    The averments of paragraph 225 are denied.

226.    The averments of paragraph 226 are denied. By way of further answer, see *Commonwealth v. Roberts*, No. 1148 MDA 2017, 2018 WL 4922783, *6 (Pa. Super. Oct. 10, 2018).

227.    The averments of paragraph 227 are denied.

228.    The averments of paragraph 228 are admitted in part and denied in part.  It is admitted that Robert's trial counsel was determined to have been "ineffective in failing to call Tyisha Williams as a witness, and present her receipt from Target, in support of

{DocNo=00930528.3 }

Roberts' alibi defense and that Roberts was entitled to relief in the form of a new trial." see *Commonwealth v. Roberts*, 2018 WL 4922783 at *9. All remaining averments are denied.

229.   The averments of paragraph 229 are denied.

230.   The averments of paragraph 230 are denied as stated.

231.   The averments of paragraph 231 are denied.

232.   The averments of paragraph 232 are denied.

233.   After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the content of testimony described in paragraph 233 as it does not presently have access to the trial transcript.

234.   The averments of paragraph 234 are denied.

235.   The averments of paragraph 235 are denied.

236.   The averments of paragraph 236 are denied.

237.   The averments of paragraph 237 are denied.

238.   The averments of paragraph 238 are denied.

239.   The averments of paragraph 239 are denied.

240.   The averments of paragraph 240 are admitted in part and denied in part.  It is admitted that the Court of Common Pleas of Dauphin County granted a new trial to Roberts on June 17, 2017, and that the Superior Court affirmed on October 10, 2018. *Commonwealth v. Roberts*, No. 1148 MDA 2017, 2018 WL 4922783 (Pa. Super. Oct. 10, 2018). Upon information and belief, Roberts was acquitted on retrial. After reasonable investigation, Defendant is without knowledge or information sufficient to admit or deny any remaining allegations because the criminal docket is sealed.

241.  It is admitted that Dennis Robinson was found guilty of criminal homicide and firearms not to be carried without a license after an October 2011 jury trial in the Court of Common Pleas of Dauphin County. *Commonwealth v. Robinson,* No. 711 MDA 2019, 2020 WL 1491362, *1 (Pa. Super. Mar. 27, 2020).

242.  The averment of paragraph 242 is admitted.

243.  The averments of paragraph 243 are denied.

244.  The averments of paragraph 244 are denied.

245.  The averments of paragraph 245 are denied.

246.  The averments of paragraph 246 are denied.

247.  After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the accuracy of the testimony described in paragraph 247 as it does not presently have access to the trial transcript.

248.  The averments of paragraph 248 are denied.

249.  After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 249.

250.  The averments of paragraph 250 are denied.

251.  The averments of paragraph 251 are denied.

252.  After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 252.

253.  The averments of paragraph 253 are denied.

254.  The averments of paragraph 254 are denied.

255.  The averments of paragraph 255 are denied.

256.  The averments of paragraph 256 are denied.

257.   The averments of paragraph 257 are denied.

258.   The averments of paragraph 258, including subparagraphs (a) through (f), are denied.

**Damages**

259.   The averments of paragraph 259 are denied.

260.   The averments of paragraph 260 are denied.

261.   The averments of paragraph 261 are denied.

262.   The averments of paragraph 262 are denied.

263.   The averments of paragraph 263 are denied.

**CAUSES OF ACTION**

**COUNT I**

**42 U.S.C. § 1983: Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments** (against all individual defendants)

264.   Defendant incorporates by reference its answers to paragraphs 1 through 263.

265.   The averments of paragraph 265 are conclusions of law directed to parties other than the City of Harrisburg, and a response is therefore not required. To the extent that an answer may be required, these averments are denied.

266.   The averments of paragraph 266 are conclusions of law directed to parties other than the City of Harrisburg, and a response is therefore not required. To the extent that an answer may be required, these averments are denied.

267.   The averments of paragraph 267 are conclusions of law directed to parties other than the City of Harrisburg, and a response is therefore not required. To the extent that an answer may be required, these averments are denied.

{DocNo=00930528.3 }

268.    The averments of paragraph 268 are admitted in part and denied in part. It is admitted that the Dauphin County Court of Common Pleas granted the prosecutor's request for *nolle prosequi* on April 12, 2022. The remaining averments are denied.

269.    The averments of paragraph 269 are conclusions of law directed to parties other than the City of Harrisburg, and a response is therefore not required. To the extent that an answer may be required, these averments are denied.

## COUNT II

**42 U.S.C. § 1983: Deprivation of Liberty without Due Process of Law and Denial of a Fair Trial by Fabricating Evidence, Withholding Material Exculpatory and Impeachment Evidence, and Deliberately Failing to Conduct a Constitutionally Adequate Investigation** (against all individual defendants)

270.    Defendant incorporates by reference its answers to paragraphs 1 through 269.

271.-275.    The averments of paragraph 271 through 275 are conclusions of law directed to parties other than the City of Harrisburg, and a response is therefore not required. To the extent that an answer may be required, these averments are denied.

## COUNT III

**42 U.S.C. § 1985: Civil Rights Conspiracy** (against all individual defendants)

276.    Defendant incorporates by reference its answers to paragraphs 1 through 275.

277.-279.    The averments of paragraph 277 through 279 are conclusions of law directed to parties other than the City of Harrisburg, and a response is therefore not required. To the extent that an answer may be required, these averments are denied.

## COUNT IV

**42 U.S.C. § 1983: Failure to Intervene** (against all individual defendants)

280.   Defendant incorporates by reference its answers to paragraphs 1 through 279.

281.-284.   The averments of paragraph 281 through 284 are conclusions of law directed to parties other than the City of Harrisburg, and a response is therefore not required. To the extent that an answer may be required, these averments are denied.

## COUNT V

**42 U.S.C. § 1983: Supervisory Liability** (against Defendant Fegan)

285.   Defendant incorporates the preceding paragraphs by reference.

286.-291.   The averments of paragraph 286 through 291 are conclusions of law directed to a party other than the City of Harrisburg, and a response is therefore not required. To the extent that an answer may be required, these averments are denied.

## COUNT VI

**42 U.S.C. § 1983: Municipal Liability** (against Defendant City of Harrisburg)

292.   Defendant incorporates the preceding paragraphs by reference.

293.   The averments of paragraph 293 are denied.

294.   The averments of paragraph 294 are denied.

295.   The averments of paragraph 295 are denied.

## COUNT VII

**Malicious Prosecution under Pennsylvania Law** (against all individual defendants)

296.   Defendant incorporates by reference its answers to paragraphs 1 through 295.

297.-298.    The averments of paragraph 277 through 279 are conclusions of law directed to defendants other than the City of Harrisburg, and a response is therefore not required. To the extent that an answer may be required, these averments are denied.

## COUNT VIII

**Outrageous Conduct Causing Severe Emotional Distress under Pennsylvania Law** (against all individual defendants)

299.    Defendant incorporates the preceding paragraphs by reference.

300.-302.    The averments of paragraph 300 through 302 are conclusions of law directed to defendants other than the City of Harrisburg, and a response is therefore not required. To the extent that an answer may be required, these averments are denied.

## COUNT IX

**Civil Conspiracy under Pennsylvania Law** (against all individual defendants)

303.    Defendant incorporates the preceding paragraphs by reference.

304.-305.    The averments of paragraph 304 through 305 are conclusions of law directed to defendants other than the City of Harrisburg, and a response is therefore not required. To the extent that an answer may be required, these averments are denied.

## RELIEF DEMANDED

WHEREFORE, Defendant City of Harrisburg, denies any liability and requests judgment in its favor plus costs and reasonable attorney fees.

## AFFIRMATIVE DEFENSES

1.    Defendant City of Harrisburg incorporates by reference its answers to paragraphs 1 through 305 above.

2.    Plaintiff has failed to state a claim for which relief may be granted under federal or state law.

{DocNo=00930528.3 }

28

3.      Plaintiff is unable to establish an underlying constitutional violation by City of Harrisburg police officers and may not recover against the City under 42 U.S.C. § 1983.

4.      Plaintiff's claims are limited and/or barred as he was guilty of one or more of the charges of which he was charged, convicted, and sentenced.

5.      Plaintiff' s injuries or damages, if such injuries or damages occurred, were caused by actions and circumstances beyond the control of the City of Harrisburg, or the supervening acts of others, including prosecutor(s) and defense counsel in Plaintiff's criminal litigation and over which the City of Harrisburg had no control.

6.      Plaintiff's constitutional claims are limited and/or barred because the grounds now alleged were raised, waived and/or rejected during post-conviction proceedings in state and federal court.

7.      Plaintiff's claims are governed, limited and/or barred by *Heck v. Humphrey* and its progeny.

8.      The City of Harrisburg did not have a relevant or unconstitutional custom, policy or practice that caused any alleged constitutional violation as required under 42 U.S.C. § 1983.

9.      Defendant City of Harrisburg did not inflict or otherwise cause any Constitutional violation or injury.

10.      Plaintiff's municipal liability claims are limited and/or barred because the grounds now alleged were raised, waived and/or rejected during post-conviction proceedings in state and federal court.

11.      Plaintiff's claims are governed, limited and/or barred by collateral estoppel, res judicata, and waiver.

{DocNo=00930528.3 }

12.     The City of Harrisburg reserves the affirmative defenses set forth in Federal Rule of Civil Procedure 8(c).

13.     Plaintiff' s claims are governed, limited and barred by the provisions of 42 Pa.C.S. §§ 8541-64 (commonly referred to as "Political Subdivision Tort Claims Act"), which provides Defendant City of Harrisburg with immunities and protections more fully set forth therein.

14.     Plaintiff's claims are limited and/or barred by the applicable statute of limitations.

WHEREFORE, Defendant City of Harrisburg, denies any liability and requests judgment in its favor plus costs and reasonable attorney fees.

**JURY TRIAL DEMANDED.**

<div style="margin-left:40%">

CAMPBELL DURRANT, P.C.

By:__s/Brian P. Gabriel_____
     Brian P. Gabriel (PA 73132)
     bgabriel@cdblaw.com
     Direct Dial (412) 395-1267

     535 Smithfield Street, Suite 700
     Pittsburgh, PA  15222
     (412) 395-1280 (Telephone)
     (412) 395-1291 (Facsimile)

*Counsel for Defendant, City of Harrisburg*

</div>

Dated:  March 10, 2023

**CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that on March 10, 2023, I electronically filed the foregoing

**ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of Court using the CM/ECF

system, which will notify the following of the filing of the same:

Karl D. Schwartz, Esq./Alan J. Tauber, Esq./Jonathan D. Tauber, Esq.
kdschwartzlaw@gmail.com/atauber@atauberlaw.com/cioschi@wisemanschwartz.com
WISEMAN & SCHWARTZ, LLP
718 Arch Street, 702N
Philadelphia, PA  19106

Cary London, Esq.
Cary@shulman-hill.com
SHULMAN & HILL, PLLC
1 State Street Plaza, 15th Floor
New York, NY  10004

*Counsel for Plaintiff*

David J. MacMain, Esq./Brian C. Conley, Esq.
dmacmain@macmainlaw.com/bconley@macmainlaw.com
MacMain Lenihauser, P.C.
433 W. Market Street, Suite 200
West Chester, PA  19382
*Counsel for Sergeant Robert Fegan and*
*Investigators Donald Heffner, David Lau, and Kevin Duffin*

CAMPBELL DURRANT, P.C.

By:    s/Brian P. Gabriel
             Brian P. Gabriel