## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAMUEL RANDOLPH,        :
       :
       Plaintiff.    :
       :
       v.        :    Docket No.  22-CV-01239
       :
CITY OF HARRISBURG, SGT.    :
ROBERT FEGAN,    :
INVESTIGATORS DONALD    :
HEFFNER, DAVID LAU,    :
TIMOTHY CARTER, AND KEVIN    :
DUFFIN,    :
       :
       Defendants.    :

## DEFENDANTS, ROBERT FEGAN, DONALD HEFFNER, DAVID LAU, AND KEVIN DUFFIN'S ANSWER TO THE COMPLAINT

Defendants, Sgt. Robert Fegan, and Investigators Donald Heffner, David Lau, and Kevin Duffin ("Answering Defendants"), by and through their attorneys, MacMain Leinhauser PC, hereby answer Plaintiff's Complaint as follows, denying each and every averment except as expressly admitted below:

### Introduction

The allegations set forth in Plaintiff's Complaint attempt to mischaracterize the actions of Answering Defendants and the Harrisburg Police Department in the investigation into the murders of Thomas Easter and Anthony Burton, and related shooting incidents, in September 2001.

1

On the heels of two shooting incidents in early September 2001, Thomas Easter and Anthony Burton were murdered inside a bar (Todd and Pat's) on September 19, 2001. The Harrisburg Police Department conducted a complex, detailed, thorough and proper investigations into the murders and the shootings, of which Answering Defendants were a part. The investigation included, amongst other evidence, witness statements identifying Samuel Randolph as the shooter and killer of Easter and Burton.

The record demonstrates that the thorough, unbiased, and proper investigation established sufficient probable cause to charge Plaintiff for the murders of Easter and Burton, and multiple other lesser charges. Plaintiff's attempt to pursue the present claim is without merit and barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny. Plaintiff is also barred from relitigating any issues of fact or law previously adjudicated under the doctrines of res judicata and collateral estoppel.

## Jurisdiction and Venue[1]

1-4. Answering Defendants admit only that Plaintiff brings the present action under 42 U.S.C. §1983 and that jurisdiction and venue properly lie with this Court. All remaining averments are denied. It is specifically denied that Plaintiff brings any valid claims for relief against Answering Defendants.

---

[1] The headings from Plaintiff's Complaint are incorporated in this Answer for purposes of uniformity and clarity, only. To the extent that the headings could be construed as containing allegations of fact or law, Answering Defendants expressly deny the same.

## **Parties**

5.  Admitted, upon information and belief, that Plaintiff was a resident of the Commonwealth of Pennsylvania at the time of the murders of Thomas Easter and Anthony Burton and the shooting incidents in September 2001 that form the basis of the underlying criminal investigation and prosecution of the Plaintiff.

6.  Denied as stated. The City of Harrisburg is a municipality organized and existing under the laws of the Commonwealth of Pennsylvania, which operates Harrisburg Police Department. Answering Defendants Fegan, Lau, Heffner and Duffin were employed by the City of Harrisburg at the time of the underling criminal incidents in September 2001 that form the basis of Plaintiff's Complaint.

7.  Denied as stated. Sergeant Fegan was employed by the City of Harrisburg and served as a law enforcement officer in the Harrisburg Police Department at the from August 1986 to August 2013.

8.  Denied as stated. Detective Lau was employed by the City of Harrisburg and served as a law enforcement officer in the Harrisburg Police Department at the from May 1991 through May 2015.

9.   Denied as stated. Detective Heffner was employed by the City of Harrisburg and served as a law enforcement officer in the Harrisburg Police Department at the from May 1992 to August 2017.

10.     Denied. The allegations in this paragraph refer to a party or person other than Answering Defendants and are therefore denied.

11.     Denied as stated. Detective Duffin was employed by the City of Harrisburg and served as a law enforcement officer in the Harrisburg Police Department at the from December 1980 to January 2008.

## Statement of Facts

12.     Denied as stated. While it is admitted that Plaintiff was convicted of those Counts referenced in this paragraph, the allegations do not include all the counts for which Plaintiff was convicted stemming from the same incidents. In fact, Plaintiff was convicted of: (a) two counts of first-degree murder, criminal attempt murder, criminal conspiracy to commit murder, five counts of aggravated assault, two counts of firearm violations, and reckless endangerment under Docket No. 1746 CR 2002; (b) three counts of criminal attempt murder, three counts of aggravated assault, two counts of firearms violations, and reckless endangerment under Docket No. 1220 CR 2002; and (c) criminal attempt murder, two counts of aggravated assault, two counts of firearms violations, and reckless endangerment under Docket No. 1374 CR 2002.

13.     Admitted in part and denied in part. It is admitted that the charges stemming from the three shooting incidents in September 2001 (as identified in the dockets referenced in the Answer to Paragraph 12) were presented in a single trial.

The remaining averments in this paragraph are denied. To the extent that the allegations in this paragraph refer to judicial records which are in writing, the same speak for themselves. Any characterizations of the same are denied.

14. Denied.

15. Admitted in part and denied in part. It is admitted that Plaintiff was convicted of: (a) two counts of first-degree murder, criminal attempt murder, criminal conspiracy to commit murder, five counts of aggravated assault, two counts of firearm violations, and reckless endangerment under Docket No. 1746 CR 2002; (b) three counts of criminal attempt murder, three counts of aggravated assault, two counts of firearms violations, and reckless endangerment under Docket No. 1220 CR 2002; and (c) criminal attempt murder, two counts of aggravated assault, two counts of firearms violations, and reckless endangerment under Docket No. 1374 CR 2002. The remaining allegations in this paragraph are denied. By way of further response, the Harrisburg Police Department, including, in part, Answering Defendants, at all times conducted a thorough, unbiased and proper investigation into the criminal incidents in September 2001.

16. Admitted in part and denied in part. It is admitted only that a drive-by shooting incident occurred on September 2, 2001 in the vicinity of 538 Maclay Street in Harrisburg and that Gary Waters was struck by gunfire. The remaining allegations in the paragraph are denied.

17.     Admitted in part and denied in part. It is admitted only that a shooting incident occurred on September 3, 2001 in the vicinity of 6th Avenue and Maclay Street. The remaining allegations in this paragraph are denied.

18.     Admitted in part and denied in part. It is admitted only that a shooting incident occurred at Todd and Pat's Bar on September 19, 2001 which resulted in the deaths of Thomas Easter and Anthony Burton and injuries to Alister Campbell, Lakisha Warren, John Brown, Tameka Jackson and Reginald Gillespie. The remaining allegations in this paragraph are denied.

19.     Denied. By way of further response, the investigation into the three incidents in September 2001 was at all times thorough, unbiased and proper. To the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

20.     Denied.

21.     Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. By way of further response, the investigation into the three incidents in September 2001 was at all times thorough, unbiased and proper. To the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

**September 19, 2001 Murder of Thomas Easter and Anthony Burton at Todd and Pat's Bar and (Alleged) Development of the Oliver Gang as Suspects**

22.      Admitted. By way of further response, to the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

23.      Denied as stated. As a result of the shooting incident at Todd and Pat's Bar on September 19, 2001, Thomas Easter and Anthony Burton died and Alister Campbell, Lakisha Warren, John Brown, Tameka Jackson and Reginald Gillespie sustained injuries. It is admitted that Amahl Scott was a witness to the incident.

24.      Denied. To the extent the allegations in this paragraph refer to a party or person other than Answering Defendants, they are denied. It is admitted only that Detective Lau spoke to Reginald Gillespie. By way of further response, to the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

25.      Denied. By way of further response, to the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

26.     Denied as stated. Multiple members of the Harrisburg Police Department, including Detective Lau, participated in the investigation of the September 19, 2001 incident. By way of further response, to the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

27.     Denied. The allegations in this paragraph refer to a party or person other than Answering Defendants and are therefore denied. By way of further response, to the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

28.     Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent that the allegations in this paragraph are deemed not to be conclusions of law, the same are denied as stated. By way of further response, Sgt. Fegan was a supervisor in the juvenile unit, to which Carter was assigned, at the time of the investigations into the September 2001 shooting incidents. It is specifically denied that Fegan held a supervisory position over Answering Defendants.

29.     Denied. Fegan supervised Carter only in their capacities as members of the juvenile unit. It is denied that Fegan reviewed and approved reports, or

received regular updates, regarding the 2001 shooting incidents, which were not assigned to the juvenile unit.

30.     Denied.

31.     Denied as stated. Multiple members of the Harrisburg Police Department, including Detectives Lau, Heffner and Duffin, participated in the investigation of the September 19, 2001 shooting incident.

32.     Admitted in part and denied in part. It is admitted only that Detective Lau interviewed Khalil Williams following the incident. By way of further response, the allegations in this paragraph refer to police reports and judicial records, which are in writing and speak for themselves. Any characterizations of the same are denied.

33.     Denied as stated. It is admitted only that a meeting was held on or about September 20, 2001 at which Detective Lau was present. The remainder of the allegations are denied. By way of further response, to the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

34.     Denied. By way of further response, to the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

35-41. Denied. The averments in this paragraph refer to a party or person other than Answering Defendants and are therefore denied. By way of further response, to the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

42.     Admitted in part and denied in part. It is admitted only that the Harrisburg Police Department executed a search warrant at 1423 Naudain Street on September 22, 2001. The remainder of the averments are denied. By way of further response, to the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

## The Investigation (Allegedly) Stalls, and the HPD (Allegedly) Coerce a False Identification by Amahl Scott of Samuel Randolph

43.     Denied. After reasonable investigation, Answering Defendants are without sufficient information to respond to the averments set forth in this paragraph and, therefore, the same are denied. Strict proof is demanded at time of trial. By way of further response, to the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

44.     Denied, inclusive of the averments in footnote 3.

45-49.     Denied.

50. Admitted in part and denied in part. It is admitted only that Amahl Scott gave a statement to Detectives Duffin, Massey and Carter on September 19, 2001. The remainder of the averments are denied. By way of further response, to the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

51. Denied.

52. Admitted.

53. Denied.

54. Denied.

55. Admitted in part and denied in part. It is admitted only that Detectives Carter, Massey and Duffin spoke with Amahl Schott at the Harrisburg Police Department on October 10, 2001. The remainder of the averments are denied. By way of further response, to the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

56. Denied.

57. Denied.

58. Denied as stated. Amahl Scott provided a voluntary statement in which he identified Samuel Randolph as that the shooter in the September 19, 2001

shooting incident. The remainder of the averments are denied. By way of further response, to the extent that the allegations in this paragraph refer to police reports and investigative records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

59.     Denied. The allegations in this paragraph refer to a voluntary statement, which being in writing, speaks for itself. Any characterizations of the same are denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Admitted.

65.     Denied. The allegations in this paragraph refer to judicial records, which being in writing, speaks for themselves. Any characterizations of the same are denied.

66.     Denied. The allegations in this paragraph refer to judicial records, which being in writing, speaks for themselves. Any characterizations of the same are denied.

67.     Admitted.

68.     Admitted in part and denied in part. It is admitted only that Detective Carter drove to Virginia on December 12, 2001 to extradite Samuel Randolph, who was transported back to Harrisburg. The remainder of the averments are denied. By way of further response, to the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

## The HPD (Allegedly) Procured More False Identifications: Maclay Street Incident and Gary Waters

69.     Denied.

70.     Denied.

71.     Admitted in part and denied in part. It is admitted only that Gary Waters was arrested by Detective Lau on February 7, 2002 for possession with intent to deliver a controlled substance. The remaining averments in this paragraph are denied.

72.     Denied as stated. Gary Waters was injured by gunfire on September 2, 2001 in the vicinity of Maclay Street.

73.     Denied as stated. Gary Waters was injured by gunfire on September 2, 2001 in the vicinity of Maclay Street.

74.     Denied as stated. It is admitted only that Waters did not fully cooperate in the investigation. By way of further response, however, Waters

eventually identified Samuel Randolph as the individual who shot him in two separate incidents.

75.     Denied as stated. Waters was arrested on February 7, 2002. The remainder of the averments are denied.

76.     Admitted.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied as stated. Waters told Detectives Lau and Heffner that he was shot on two separate occasions and that he believed that Samuel Randolph was the shooter in each incident. By way of further response, to the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

81.     Denied.

82.     Denied.

83.     Denied as stated. It is admitted only that Clayton testified on May 8, 2003, that "I always call Heffner when something goes on with me" in response to the question "How did you know to call Officer Heffner?" The remaining averments are denied. By way of further response, to the extent that the allegations

in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

84.     Denied.

85.     Admitted in part and denied in part. It is admitted that Clayton called Heffner on February 14, 2002, and that she provided a voluntary statement on that date wherein she identified Plaintiff as the person who fired shots from the vehicle into another vehicle in reference to the September 3, 2001, incident. The remaining averments are denied. By way of further response, to the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied as stated. It is admitted only that Waters testified at the preliminary hearing on April 1, 2002, and that he identified Randolph as the shooter in the Maclay Street incident. The remaining averments are denied. By way of further response, to the extent that the allegations in this paragraph refer to

police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

91.    Denied.

92.    Denied. By way of further response, to the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

93.    Denied.

94.    Denied. By way of further response, to the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

95.    Denied. By way of further response, to the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

**The HPD (Allegedly) Coercively Extract More False Identifications: Roebuck's Bar Incident, Ronald Roebuck, and HPD's Attempts to Intimidate <u>Donald Roebuck</u>**

96.    Admitted in part and denied in part. It is admitted only that there was a drive-by shooting incident outside of the Baby Grand on September 2, 2001. The remaining averments are denied.

97.    Denied as stated. Multiple people were interviewed by the Harrisburg Police Department in connection with the September 2, 2001 drive-by shooting

incident, including, but not limited to those listed in this paragraph. By way of further response, to the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

98-103.    Denied. By way of further response, to the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

104-105.    Denied as stated. Ronald Roebuck, as a bar owner in Harrisburg, sometimes reported incidents with Harrisburg Police Department. It is denied that he was an "informant." To the extent the allegations in this paragraph constitute conclusions of law, no response to the same is required.

106-111. Denied.

112.    Denied. After reasonable investigation, Answering Defendants are without sufficient information to respond to the averments set forth in this paragraph and, therefore, the same are denied. Strict proof is demanded at time of trial.

113.    Admitted in part and denied in part. It is admitted only that Plaintiff was in custody on April 2, 2002. The remaining averments are denied. To the

extent the allegations in this paragraph constitute conclusions of law, no response to the same is required.

114. Denied.

115. Denied. The averments in this paragraph refer to a party or person other than Answering Defendants and are therefore denied. By way of further response, after reasonable investigation, Answering Defendants are without sufficient information to respond to the averments set forth in this paragraph and, therefore, the same are denied.

116. Denied as stated. Detectives Lau and Heffner saw Roebuck and Wells outside the Dauphin County Jail on or about April 1, 2002.

117. Denied.

118. Denied.

119. Denied.

120. Admitted in part and denied in part. It is admitted only that Ronald Roebuck testified at the preliminary hearing and trial concerning the September 2, 2001 shooting at the Baby Grand. The remaining averments are denied. By way of further response, to the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

121. Denied.

122.    Denied.

123.    Denied.

124.    Denied as stated. Plaintiff's counsel, Samuel Stretton, filed numerous motions and documents. By way of further response, the allegations in this paragraph refer to legal filings and judicial records, which are in writing, and same speak for themselves. Any characterizations of the same are denied. To the extent the averments in this paragraph constitute conclusions of law, no responsive pleading is required.

125.    Admitted in part and denied in part. It is admitted only that Detective Lau interviewed Donald Roebuck on or about November 6, 2003. The reminder of the allegations are denied. By way of further response, to the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied. The allegations in this paragraph refer to police, which are in writing, and speak for themselves. Any characterizations of the same are denied.

130.    Denied.

## The HPD (Allegedly) Procures a False Identification of Plaintiff Randolph in the Todd and Pat's Bar Incident

131.    Denied as stated. Allister Campbell was arrested by the U.S. Marshal's Task Force on March 21, 2002 relating to warrants for robbery, firearm violations and aggravated assault. The remainder of the averments in this paragraph are denied.

132.    Admitted.

133.    Denied. By way of further response, to the extent that the allegations in this paragraph refer to an arrest warrant and related records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

134.    Denied.

135.    Denied. By way of further response, to the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

136.    Denied. The averments in this paragraph refer to a party or person other than Answering Defendants and are therefore denied. By way of further response, to the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

137.     Denied. The averments in this paragraph refer to a party or person other than Answering Defendants and are therefore denied. By way of further response, to the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

138.     Denied. The averments in this paragraph refer to a party or person other than Answering Defendants and are therefore denied. By way of further response, to the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

139.     Denied.

140.     Denied.

141.     Denied.

142.     Denied. To the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

143.     Denied.

144.     Denied.

145.    Denied. To the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Admitted in part and denied in part. It is admitted only that Allister Campbell testified before the Grand Jury on April 16, 2002. The remaining averments are denied. To the extent that the allegations in this paragraph refer to judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

151.    Denied.

## The HPD (Allegedly) Fails to Disclose or Investigate an Alternate Suspect Who Confessed to the Crime

152.    Denied as stated. It is admitted only that on the morning of October 14, 2001, Johnstown Police Officer Eugene Smith was informed that a man named Alexander Busch, Jr. suggested he had knowledge of a murder in Harrisburg. By way of further response, Mr. Busch, Jr. expressly denied that he confessed to the murders. The remaining averments of this paragraph are denied.

153.   Denied as stated. To the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

154.   Denied. To the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

155.   Admitted in part and denied in part. It is admitted only that Officer Smith had 911 get the phone number for Harrisburg Police Department. The remaining averments of the paragraph are denied. To the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

156.   Denied. To the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

157.   Denied. To the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

158.   Denied. After reasonable investigation, Answering Defendants are without sufficient information to respond to the averments set forth in this paragraph and, therefore the same are denied. Strict proof is demanded at time of

trial. To the extent that the allegations in this paragraph refer to police reports and judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

159. Denied.

160. Denied.

161. Denied.

162. Denied.

163. Denied. By way of further response, the allegations relating to Alexander Bush, Jr. were raised and rejected in post-conviction proceedings. *See Commonwealth v. Randolph*, 873 A.2d 1277 (Pa. 2005).

## Samuel Randolph is (Allegedly) Convicted at Trial on the Strength of the False Identification Testimony

164. Admitted. By way of further response, Answering Defendants incorporate their answers to Paragraphs 12 and 13. To the extent that the allegations in this paragraph refer to judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

165. Denied.

166. Denied. The allegations in this paragraph refer to judicial records, which are in writing, and speak for themselves. Any characterizations of the same are denied.

167.    Denied. To the extent that the allegations in this paragraph refer to judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

168.    Admitted in part and denied in part. Answering Defendants incorporate their response to paragraph 12. To the extent that the allegations in this paragraph refer to judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

169.    Denied as stated. A verdict on the penalty was returned on May 15, 2003 regarding the charges for first degree murder. Plaintiff was sentenced on July 10, 2003 regarding all counts under Docket Nos. 1220 CR 2002, 1374 CR 2002, and 1756 CR 2002. To the extent that the allegations in this paragraph refer to judicial records, which are in writing, the same speak for themselves. Any characterizations of the same are denied.

170.    Denied as stated. The allegations in this paragraph refer to judicial records, which are in writing, and speak for themselves. Any characterizations of the same are denied.

171.    Denied as stated. The allegations in this paragraph refer to judicial records, which are in writing, and speak for themselves. Any characterizations of the same are denied.

172. Denied as stated. The allegations in this paragraph refer to judicial records, which are in writing, and speak for themselves. Any characterizations of the same are denied.

173-174. Denied. After reasonable investigation, Answering Defendants are without sufficient information to respond to the averments set forth in this paragraph and, therefore, the same are denied. Strict proof is demanded at time of trial. By way of further response, the allegations in this paragraph refer to judicial records, which are in writing, and speak for themselves. Any characterizations of the same are denied.

175-177. Denied as stated. The allegations in this paragraph refer to judicial records, which are in writing, and speak for themselves. Any characterizations of the same are denied.

**(Alleged) Allegations Regarding Municipal Liability: The HPD's (Alleged) Pattern and Practice of Unconstitutional Misconduct in Homicide Investigations**

178-184. Denied.

**HPD's (Alleged) Longstanding Pattern and Practice of Coercing Witness Testimony and/or Concealing Witness Inducements**

185-187. Denied.

## **The (Alleged) Wrongful Prosecution and Conviction of Lorenzo Johnson**

188.   Denied. The allegations in this paragraph are derived from judicial records and documents that speak for themselves and therefore no response from Answering Defendants is required. Any characterizations of the same are denied.

189.   Admitted. By way of further response, the shooting occurred in an alley.

190.   Admitted in part and denied in part. It is admitted only that Detective Duffin was involved in the investigation and dealt with witnesses. The remaining averments of the paragraph are denied.

191.   Admitted in part and denied in part. It is admitted only that Mr. Ripply was interviewed by Detective Duffin during his investigation. The remaining averments of the paragraph are denied.

192.   Denied.

193.   Denied.

194.   Denied.

195.   Denied.

196.   Denied.

197.   Denied. To the extent the allegations in this paragraph are derived from judicial records and documents that speak for themselves, no response from Answering Defendants is required. Any characterizations of the same are denied.

## The (Alleged) Wrongful Prosecution of Sean Primm

198.    Denied. After reasonable investigation, Answering Defendants are without sufficient information to respond to the averments set forth in this paragraph and, therefore, the same are denied. Strict proof is demanded at time of trial. By way of further response, the allegations in this paragraph refer to judicial records, which are in writing, and speak for themselves. Any characterizations of the same are denied.

199.    Denied as stated. Detective Heffner and Lau were involved in an investigation relating to a shooting reported on September 22, 2005 for which Sean Primm was charged. To the extent the allegations in this paragraph are derived from police and judicial records and documents that speak for themselves, no response from Answering Defendants is required. Any characterizations of the same are denied.

200.    Denied.

201.    Admitted in part and denied in part. It is admitted only that Mr. Collier spoke with Harrisburg Police Officers. The remaining averments are denied.

202.    Admitted in part and denied in part. It is admitted only that Detective Heffner interviewed Mr. Collier. The remaining averments are denied.

203.	Denied. To the extent the allegations in this paragraph are derived from judicial records and documents that speak for themselves, no response from Answering Defendants is required. Any characterizations of the same are denied.

204.	Denied.

205.	Denied. By way of further response, and to the contrary, at all times, Investigator Heffner conducted a thorough, proper and unbiased investigation.

206.	Denied. To the extent the allegations in this paragraph are derived from judicial records and documents that speak for themselves, no response from Answering Defendants is required. Any characterizations of the same are denied.

207.	Denied. To the extent the allegations in this paragraph are derived from judicial records and documents that speak for themselves, no response from Answering Defendants is required. Any characterizations of the same are denied.

208.	Denied. To the extent the allegations in this paragraph are derived from judicial records and documents that speak for themselves, no response from Answering Defendants is required. Any characterizations of the same are denied.

209.	Denied.

210.	Denied as stated. In the course of the investigation, Detective Heffner spoke to and interviewed Santos several times. At all times, Detective Heffner's investigation was thorough, unbiased and proper.

211-212.     Denied. By way of further response, it is specifically denied that Detective Heffner encouraged Mr. Santos to testify falsely and/or made any threats and/or promises in exchange for his testimony. To the contrary, at all times, Detective Heffner conducted a thorough, proper and unbiased investigation.

213.   Denied. After reasonable investigation, Answering Defendants are without sufficient information to respond to the averments set forth in this paragraph and, therefore, the same are denied. Strict proof is demanded at time of trial.

214.     Denied. To the extent the allegations in this paragraph are derived from police and/or judicial records and documents that speak for themselves, no response from Answering Defendants is required. Any characterizations of the same are denied.

215.   Denied.

216.     Denied. By way of further response, it is specifically denied that Detective Heffner encouraged Mr. Williams to testify falsely and/or made any threats and/or promises in exchange for his testimony. To the contrary, at all times, Detective Heffner conducted a thorough, proper and unbiased investigation.

217.     Denied. By way of further response, it is specifically denied that any effort was made by Answering Defendants to obtain false inculpatory statements

and deter exculpatory testimony. To the contrary, at all times, Answering Defendants conducted a thorough, proper and unbiased investigation.

2018-220.   Denied. To the extent the allegations in this paragraph are derived from police and/or judicial records and documents that speak for themselves, no response from Answering Defendants is required. Any characterizations of the same are denied.

221.   Denied.

## The (Alleged) Wrongful Prosecution and Conviction of Larry Trent Roberts

222.   Admitted in part and denied in part. It is admitted only that Larry Trent Roberts was convicted of first-degree murder for the killing of Duwan Stern. The remaining averments are denied. To the extent the allegations in this paragraph are derived from police and/or judicial records and documents that speak for themselves, no response from Answering Defendants is required. Any characterizations of the same are denied.

223.   Admitted.

224.   Denied.

225.   Denied.

226.   Denied. To the extent the allegations in this paragraph are derived from police and/or judicial records and documents that speak for themselves, no

response from Answering Defendants is required. Any characterizations of the same are denied.

227. Denied.

228. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent the allegations in this paragraph are derived from police and/or judicial records and documents that speak for themselves, no response from Answering Defendants is required. Any characterizations of the same are denied.

229. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. To the extent that the allegations in this paragraph are deemed to not be conclusions of law, the same are denied. To the contrary, at all times, Detective Lau conducted a thorough, proper and unbiased investigation.

230. Denied. To the extent the allegations in this paragraph are derived from police and/or judicial records and documents that speak for themselves, no response from Answering Defendants is required. Any characterizations of the same are denied.

231. Denied.

232. Denied.

233.    Denied. To the extent the allegations in this paragraph are derived from police and/or judicial records and documents that speak for themselves, no response from Answering Defendants is required. Any characterizations of the same are denied.

234-239.    Denied.

240.    Admitted in part and denied in part. It is admitted that the Court of Common Pleas of Dauphin County granted a new trial pursuant to Robert's PCRA petition, which was affirmed by the Superior Court (*Commonwealth v. Roberts*, No. 1148 MDA 2017, 2018 WL 4922783 (Pa. Super., Oct. 10, 2018)) and that Roberts was acquitted on retrial. The remaining averments are denied. By way of further response, to the extent the allegations in this paragraph are derived from judicial records and documents that speak for themselves, no response from Answering Defendants is required. Any characterizations of the same are denied.

**The (Alleged) Wrongful Prosecution and Conviction of Dennis Robinson**

241-242.    Admitted. By way of further response, to the extent the allegations in this paragraph are derived from judicial records and documents that speak for themselves, no response from Answering Defendants is required. Any characterizations of the same are denied.

243-247.    Denied. By way of further response, to the extent the allegations in this paragraph are derived from police and/or judicial records and

documents that speak for themselves, no response from Answering Defendants is required. Any characterizations of the same are denied.

248. Denied.

249. Denied. By way of further response, to the extent the allegations in this paragraph are derived from police and/or judicial records and documents that speak for themselves, no response from Answering Defendants is required. Any characterizations of the same are denied.

250. Denied.

251. Denied.

252-253. Denied. After reasonable investigation, Answering Defendants are without sufficient information to respond to the averments set forth in this paragraph and, therefore, the same are denied. By way of further response, to the extent the allegations in this paragraph are derived from police and/or judicial records and documents that speak for themselves, no response from Answering Defendants is required. Any characterizations of the same are denied.

254. Denied.

255-257. Denied.

258. Denied. The averments in this paragraph, inclusive of subparagraphs (a) through (f), are denied.

## (Alleged) Damages

259-263. Denied.

**WHEREFORE**, Answering Defendants respectfully request that This Honorable Court enter judgement in their favor against Plaintiff, together with costs, disbursements, and attorneys' fees, including those available under 42 U.S.C. § 1988, and any other further relief deemed appropriate by This Court.

## (ALLEGED) CAUSES OF ACTION

### COUNT I
### (Alleged) 42 U.S.C. § 1983 Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments

264.   Denied. Answering Defendants incorporate their Answers to the preceding paragraphs as though set forth herein at length.

265-269.   Denied.

**WHEREFORE**, Answering Defendants respectfully request that This Honorable Court enter judgement in their favor against Plaintiff, together with costs, disbursements, and attorneys' fees, including those available under 42 U.S.C. § 1988, and any other further relief deemed appropriate by This Court.

**COUNT II**

**(Alleged) 42 U.S.C. § 1983: Deprivation of Liberty without Due Process of Law and Denial of a Fair Trial by Fabricating Evidence, Withholding Material Exculpatory and Impeachment Evidence, and Deliberately Failing to Conduct a Constitutionally Adequate Investigation (against all individual defendants)**

270.     Denied. Answering Defendants incorporate their Answers to the preceding paragraphs as though set forth herein at length.

271-275.  Denied.

**WHEREFORE**, Answering Defendants respectfully request that This Honorable Court enter judgement in their favor against Plaintiff, together with costs, disbursements, and attorneys' fees, including those available under 42 U.S.C. § 1988, and any other further relief deemed appropriate by This Court.

**COUNT III**

**(Alleged) 42 U.S.C. § 1985: Civil Rights Conspiracy (against all individual defendants)**

276.     Denied. Answering Defendants incorporate their Answers to the preceding paragraphs as though set forth herein at length.

277-279. Denied.

**WHEREFORE**, Answering Defendants respectfully request that This Honorable Court enter judgement in their favor against Plaintiff, together with costs, disbursements, and attorneys' fees, including those available under 42 U.S.C. § 1988, and any other further relief deemed appropriate by This Court.

## COUNT IV
## 42 U.S.C. § 1983: (Alleged) Failure to Intervene (Against All Individual Defendants)

280.    Denied. Answering Defendants incorporate their Answers to the preceding paragraphs as though set forth herein at length.

281-284. Denied.

285.    Denied. Answering Defendants incorporate their Answers to the preceding paragraphs as though set forth herein at length.

**WHEREFORE**, Answering Defendants respectfully request that This Honorable Court enter judgement in their favor against Plaintiff, together with costs, disbursements, and attorneys' fees, including those available under 42 U.S.C. § 1988, and any other further relief deemed appropriate by This Court.

## COUNT VI
## (Alleged) 42 U.S.C. § 1983: Supervisory Liability
## (Against Defendant Fegan)

286-291. Denied.

**WHEREFORE**, Answering Defendants respectfully request that This Honorable Court enter judgement in their favor against Plaintiff, together with costs, disbursements, and attorneys' fees, including those available under 42 U.S.C. § 1988, and any other further relief deemed appropriate by This Court.

## COUNT VI
## (Alleged) 42 U.S.C. § 1983: Municipal Liability
## (Against Defendant City of Harrisburg)

292.     Denied. Answering Defendants incorporate their Answers to the preceding paragraphs as though set forth herein at length.

293-294.  Denied. The averments in this paragraph refer to a party or person other than Answering Defendants and are therefore denied. By way of further response, to the extent that any of allegations are construed against Answering Defendants, the same are denied.

**WHEREFORE**, Answering Defendants respectfully request that This Honorable Court enter judgement in their favor against Plaintiff, together with costs, disbursements, and attorneys' fees, including those available under 42 U.S.C. § 1988, and any other further relief deemed appropriate by This Court.

## COUNT VII
## (Alleged) Malicious Prosecution under Pennsylvania Law
## (Against All Individual Defendants)

296.     Denied. Answering Defendants incorporate their Answers to the preceding paragraphs as though set forth herein at length.

297-298. Denied. By way of further response, to the extent that the allegations in this paragraph refer to judicial records, the same are in writing and speak for themselves. Any characterizations of the same are denied.

**WHEREFORE**, Answering Defendants respectfully request that This Honorable Court enter judgement in their favor against Plaintiff, together with costs, disbursements, and attorneys' fees, including those available under 42 U.S.C. § 1988, and any other further relief deemed appropriate by This Court.

### COUNT VIII
### (Alleged) Outrageous Conduct Causing Severe Emotional Distress under Pennsylvania Law
### (Against All Individual Defendants)

299.     Denied. Answering Defendants incorporate their Answers to the preceding paragraphs as though set forth herein at length.

300-302.  Denied.

**WHEREFORE**, Answering Defendants respectfully request that This Honorable Court enter judgement in their favor against Plaintiff, together with costs, disbursements, and attorneys' fees, including those available under 42 U.S.C. § 1988, and any other further relief deemed appropriate by This Court.

### COUNT IX
### (Alleged) Civil Conspiracy under Pennsylvania Law
### (Against All Individual Defendants)

303.  Denied. Answering Defendants incorporate their Answers to the preceding paragraphs as though set forth herein at length.

304-305. Denied.

**WHEREFORE**, Answering Defendants respectfully request that This Honorable Court enter judgement in their favor against Plaintiff, together with

costs, disbursements, and attorneys' fees, including those available under 42 U.S.C. § 1988, and any other further relief deemed appropriate by This Court.

## (Alleged) Relief Demanded

(a-f) Denied.

**WHEREFORE**, Answering Defendants respectfully request that This Honorable Court enter judgement in their favor against Plaintiff, together with costs, disbursements, and attorneys' fees, including those available under 42 U.S.C. § 1988, and any other further relief deemed appropriate by This Court.

## Affirmative Defenses

Answering Defendants reserve the right to assert any and all applicable defenses to Plaintiff's claims. To date, Answering Defendants have not obtained adequate discovery in connection with this action and Answering Defendants reserve the right to amend or otherwise supplement this pleading on this basis. Without limiting the generality of the foregoing and without regard to whether the defenses set forth below are affirmative defenses within the meaning of F.R.C.P. 8(c), and without conceding that any such defense must be set forth in their Answer, Answering Defendants assert the following:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a claim, in whole or in part, upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

No act or failure to act on the part of Answering Defendants violated any of Plaintiff's constitutional rights.

## THIRD AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiff was afforded all rights, privileges and immunities granted pursuant to the Constitution and laws of the United States and the Commonwealth of Pennsylvania.

## FOURTH AFFIRMATIVE DEFENSE

At no time material hereto did Answering Defendants act in bad faith or in a willful, wanton, outrageous, reckless and/or malicious manner.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff suffered no injury or damages as a result of any acts or omissions by Answering Defendants.

## SIXTH AFFIRMATIVE DEFENSE

Any injuries or damages suffered by the Plaintiff, although same are denied by Answering Defendants, resulted solely from Plaintiff's voluntary, intentional, wrongful and/or criminal acts and not from any violations of his civil rights by Answering Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of harm by his own conduct.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part or otherwise subject to reduction by reason of Plaintiff's contributory negligence.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is limited and/or barred by the applicable Constitution of the Commonwealth of Pennsylvania, by the Fourteenth, or Eighth Amendments to the United States Constitution and by the laws of the United States and the Commonwealth of Pennsylvania.

## TENTH AFFIRMATIVE DEFENSE

Merely negligent or careless conduct on the part of a state actor is insufficient to maintain a cause of action pursuant to 42 U.S.C. §1983.

## ELEVENTH AFFIRMATIVE DEFENSE

At no time material hereto were Answering Defendants deliberately indifferent to the constitutional rights of Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

At all times material hereto, the actions of Answering Defendants were appropriate under the circumstances and based upon a reasonable, good-faith belief that they were justified under the law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any injuries or damages suffered by the Plaintiff, although same are denied by Answering Defendants, resulted solely from the actions of a third party.

## FOURTEENTH AFFIRMATIVE DEFENSE

Answering Defendants are entitled to qualified immunity from Plaintiff's claims as they acted reasonably at all times and did not violate any clearly established rights possessed by Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because he failed to exhaust his administrative remedies.

## SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendants are immune from all or part of the claims set forth in Plaintiff's Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Answering Defendants did not willfully or intentionally commit any wrongful act causing injury or damage to the Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or otherwise limited by the terms, provisions, immunities, and defenses set forth in the Pennsylvania Political Subdivision Tort

Claims Act. 42 Pa. C.S.A. § 8541 et seq. All defenses therein are incorporated by reference as though fully set forth at length herein.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to set forth, and will be unable to establish, that Answering Defendants had the requisite personal involvement in any of the allegedly unconstitutional and/or tortious conduct alleged.

## TWENTIETH AFFIRMATIVE DEFENSE

At no time did Answering Defendants, either individually or in concert with others, deprive or seek to deprive Plaintiff of any rights, privileges, or immunities secured to him by the Constitution or the laws of the United States.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Answering Defendants were at all times acting within the scope and duties of their employment and are entitled to all available privileges and immunities related thereto.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Any actions or inactions of Answering Defendants arose from the performance of job duties and were authorized or required by law and/or in good faith reasonably believed to be authorized or required by law.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's injuries or damages, if such injuries or damages occurred, were caused by actions and circumstances beyond the control of Answering Defendants, or the supervening acts of others, including prosecutors and counsel in Plaintiff's criminal cases, and over which Answering Defendants had no control.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of res judicata, collateral estoppel, and waiver.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited and/or barred because the claims now alleged were raised and adjudicated during post-conviction proceedings in State and Federal Court.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited and/or barred, in whole or in part, by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny.

**MacMAIN LEINHAUSER PC**

Date: <u>March 10, 2023</u>        By:    <u>*/s/ David J. MacMain*</u>
                                    David J. MacMain
                                    Brian C. Conley
                                    PA Attorney I.D. Nos. 59320/311372
                                    433 W. Market Street, Suite 200
                                    West Chester, PA 19382
                                    *Attorneys for Defendants Sgt. Robert*
                                    *Fegan, and Investigators Donald*
                                    *Heffner, David Lau, and Kevin Duffin*

## **CERTIFICATE OF SERVICE**

I, Brian C. Conley, Esquire, hereby certify that on this 10th day of March

2023, a copy of the foregoing *Answer* was served upon the following via ECF

notification:

Alan J. Tauber, Esq.
Karl David Schwartz, Esq.
Jonathan David Cioschi, Esq.
WISEMAN & SCHWARTZ, LLP
718 Arch Street, 702N
Philadelphia, PA 19106
*Attorneys for Plaintiff*

Cary London, Esq.
SHULMAN & HILL, PLLC
1 State Street Plaza
15th Floor
New York, NY 10004
*Pro Hac Vice*
*Attorney for Plaintiff*

Brian Gabriel, Esq.
CAMPBELL, DURRANT, P.C.
535 Smithfield Street, Suite 700
Pittsburgh, PA 15222
*Attorney for Co-Defendant*

By:   */s/ David J. MacMain*
      David J. MacMain
      Brian C. Conley
      PA Attorney I.D. Nos. 59320/311372
      433 W. Market Street, Suite 200
      West Chester, PA 19382

*Attorney for Defendants Sgt. Robert Fegan, and Investigators Donald Heffner, David Lau, and Kevin Duffin*