## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL RANDOLPH, | : | |
| | : | |
| Plaintiff. | : | |
| | : | |
| v. | : | Docket No.  22-CV-01239 |
| | : | |
| CITY OF HARRISBURG, et al., | : | |
| | : | |
| Defendants. | | |

## BRIEF IN SUPPORT OF DEFENDANTS, ROBERT FEGAN, DAVID LAU, DONALD HEFFNER, AND KEVIN DUFFIN'S MOTION FOR SUMMARY JUDGMENT

Defendants, Sgt. Robert Fegan, Det. David Lau, and Investigators Donald Heffner and Kevin Duffin (hereinafter referred to collectively as "Defendant Officers"), through their undersigned attorneys, MacMain Leinhauser PC, respectfully submit this Brief in Support of their Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, filed contemporaneously with this brief.

**MacMAIN LEINHAUSER PC**

Dated: <u>May 14, 2026</u>    By:  */s/ Brian C. Conley*
David J. MacMain
Brian C. Conley
Attorney I.D. Nos. 59320 / 311372
433 W. Market Street, Suite 200
West Chester, PA 19382
dmacmain@macmainlaw.com
bconley@macmainlaw.com
484-318-7106

*Attorneys for Defendants Sgt. Robert Fegan, Detective David Lau, and Investigators Donald Heffner and Kevin Duffin*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................... ii

I.   INTRODUCTION...............................................................................................1

II.   PROCEDURAL HISTORY .................................................................................2

III.   STATEMENT OF QUESTIONS INVOLVED ...................................................2

IV.   STATEMENT OF FACTS .................................................................................3

V.   STANDARD OF REVIEW..................................................................................3

VI.   ARGUMENT ......................................................................................................4

   A.  Plaintiff's Malicious Prosecution Claims Fail...............................................4

     i.   The Grand Jury Presented the Charges.......................................................6

     ii.  Probable Cause Existed. ..........................................................................7

     iii. No Evidence of Malice. ..........................................................................11

   B.  Plaintiff's Fabrication of Evidence and Withholding of Exculpatory Material Claims Fail..............................................................................................................11

     i.   There is No Evidence of Fabrication. .......................................................11

     ii.  No Exculpatory Evidence was Withheld. .................................................14

   C.  Plaintiff's Conspiracy Claims Fail ................................................................16

   D.  Plaintiff's Failure to Intervene Claim Fails...................................................17

   E.  The Supervisory Liability Claim Against Sgt. Fegan Fails............................18

   F.  The State Law Claims of "Outrageous Conduct Causing Severe Emotional Distress" Fail ..............................................................................................................19

   G.  Defendant Officers are Entitled to Qualified Immunity...............................20

VII.   CONCLUSION..................................................................................................22

## TABLE OF AUTHORITIES

**Cases**

*A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Detention Ctr.*, 372 F.3d 572 (3d Cir. 2004) ...................................................................................................19

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) ......................................16

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ................................4

*Anderson v. Perez*, 677 Fed.Appx 49 (3d Cir. 2017) ..................................19

*Arnold v. City of Phila.*, 2017 U.S.Dist.LEXIS 207807 (E.D.Pa., Dec. 19, 2017) ...6

*Baker v. McCollan,* 443 U.S. 137 (1979) .......................................................1

*Beck v. Ohio*, 379 U.S. 89 (1964) ..................................................................7

*Black v. Montgomery Cty.*, 835 F.3d 358 (3d Cir. 2016) ................... 12, 13

*Boseman v. Upper Providence Township*, 680 Fed.Appx. 65 (3d Cir. 2017) ... 12, 13

*Boyer v. Harrisburg Police Dep't*, 2017 U.S. Dist. LEXIS 132583 (M.D. Pa. Aug. 17, 2017) .............................................................................................14

*Brady v. Maryland*, 373 U.S. 83 (1963) .......................................... 14, 15

*Brasher v. N.J. State Park Police*, 2025 U.S. Dist. LEXIS 16611 (D.N.J. Jan. 30, 2025) .........................................................................................21

*Breakiron v. Horn*, 642 F.3d 126 (3d Cir. 2011) .........................................15

*Camiolo v. State Farm Fire & Casualty Co.*, 334 F.3d. 345 (3d Cir. 2003) ..............8

*Capogrosso v. Supreme Court of NJ.*, 588 F.3d 180 (3d Cir. 2009) ........................16

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ......................................3, 4

*Coleman v. City* of Peoria, 925 F.3d 336 (7th Cir. 2019) .........................13

*Curley v. Klem*, 499 F.3d 199 (3d Cir. 2007) ................................................8

*Dalal v. Molinelli*, 2026 U.S. App. LEXIS 5994 (3d Cir. 2026) .............17

*Dintino v. Echols*, 243 F.Supp. 2d 255 (E.D.Pa. 2003) ..............................20

*Dowling v. City of Phila.*, 855 F.2d 136 (3d Cir. 1988) ................................5

*Ekwunife v. City of Philadelphia*, 245 F. Supp. 3d 660 (E.D. Pa. 2017) .................17

*Ekwunife v. City of Philadelphia*, 756 F. App'x 165 (3d Cir. 2018) ........................17

*Estate of Martin v. United States Marshals Serv. Agents*, 649 Fed. Appx. 239 (3d Cir. 2016) ...............................................................................................16

*Evancho v. Fisher*, 423 F.3d 347 (3d Cir. 2005) .........................................18

*Fuentes v. Sch. Dist. Of Phila.*, 2019 U.S. Dist. LEXIS 58668 (E.D. Pa. April 4, 2019) ...............................................................................................18

*Gallo v. City of Phila.*, 161 F.3d 217 (3d Cir. 1998) .....................................6

*Garcia v. Rzeszewski*, 2026 U.S.Dist.LEXIS 67850 (M.D.Pa., Mar. 30, 2026) .....20

*Gibson v. Superintendent of NJ Dep't of L. & Pub. Safety-Div.*, 411 F.3d 427 (3d Cir. 2005) ...................................................................................................15

*Goodwin v. Conway*, 836 F.3d 321 .................................................................6

*Groman v. Township of Manalapan*, 47 F.3d 628 (3d Cir. 1995) .........................5, 7

*Halsey*, 750 F.3d. 273 (3d Cir. 2014).............................................................12

*Handy v. City of Philadelphia*, 2024 U.S. Dist. LEXIS 174173 (E.D. Pa Sept. 26, 2024)...................................................................................................15

*Harvard v. Cesnalis*, 973 F.3d 190 (3d Cir. 2020) .........................................16

*Henderson v. City of Phila.*, 853 F. Supp. 2d 514 (E.D. Pa. 2012)...........................6

*Hernandez v. Borough of Palisades Park Police Dep't.*, 58 Fed. App'x. 909 (3d Cir. 2003) .................................................................................................3

*Hunter v. Bryant*, 502 U.S. 224 (1991) .........................................................20

*Jackson v. Danberg*, 594 F.3d 210 (3d Cir. 2010)............................................14

*Jacobs v. Palmer,* 2016 U.S. Dist. LEXIS 61494 (E.D. Pa. May 10, 2016*)* ...........19

*Johnson v. City of Reading*, 2025 U.S.Dist.LEXIS 257195 (E.D. Pa. Dec. 12, 2025) ...........................................................................................................21

*Johnson v. Knorr*, 477 F.3d 75 (3d Cir. 2007) .................................................5

*Jutrowski v. Twp. of Riverdale*, 904 F.3d 280 (3d Cir. 2018)..................................16

*Karnes v. Skrutski*, 62 F.3d 485 (3d Cir. 1995).................................................. 20, 21

*Kossler v. Crisanti*, 564 F.3d 181 (3d Cir. 2009) .............................................5

*Kost v. Kozakiewicz*, 1 F.3d 176 (3d Cir. 1993) .............................................16

*Lazano v. New Jersey*, 9 F.4th 239 (3d Cir. 2021) .........................................17

*Lincoln v. Hanshaw*, 375 Fed.Appx. 185 (3d Cir. 2010) .........................................21

*Lippay v. Christos*, 996 F.2d 1490 (3d Cir. 1993)............................................11

*Manivannan v. County of Centre*, 2023 U.S.Dist.LEXIS 6186 (M.D.Pa., Jan. 12, 2023)....................................................................................................6

*Messerschmidt v. Millender*, 565 U.S. 535 (2012) .........................................10

*Minatee v. Phila. Police Dep't*, 502 Fed. Appx. 225 (3d Cir. 2012).......................11

*Ogrod v. City of Philadelphia*, 598 F.Supp. 3d 253 (E.D.Pa. 2022)................. 17, 21

*Orsatti v. N.J. State Police*, 71 F.3d 480 (3d Cir. 1995) .........................................14

*Petty v. City of Chicago*, 754 F.3d 416 (7th Cir. 2014).......................................13

*Podobnik v. USPS*, 409 F.3d 584 (3d Cir. 2005)..............................................4

*Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988) .........................................18

*Rose v. Bartle*, 871 F.2d 331 (3d Cir. 1989)..................................................................8

*Saucier v. Katz*, 533 U.S. 194 (2001)............................................................... 20, 21

*Sharrar v. Felsing*, 128 F.3d 810 (3d Cir. 1997).........................................................8

*Shilling v. Brush*, 2007 U.S. Dist. LEXIS 4330 (M.D. Pa. Jan. 22, 2007)...............5

*Smith v. Mensinger*, 293 F.3d 641 (3d Cir. 2002) .....................................................17

*Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720 (3d Cir. 1989)......................19

*Teeple v. Carabba*, 2009 U.S. Dist. LEXIS 119937 (E.D. Pa. 2009) ...................5, 7

*Thorpe v. City of Philadelphia*, 2020 U.S.Dist.LEXIS 158682 (E.D.Pa., Aug. 31, 2020)........................................................................................................21

*United States v. Leon,* 468 U.S. 897 (1984)...............................................................10

*Wilson v. Russo*, 212 F.3d 781 (3d Cir. 2000).........................................................7, 8

*Wright v. City of Phila.*, 409 F.3d 595 (3d Cir. 2005) ...........................................6, 11

*Xi v. Haugen*, 66 F.4[th] 824 (3d Cir. 2023) .................................................................8

*Zimmerman v. Corbett*, 873 F.3d 414........................................................................5

**Statutes**

42 U.S.C. § 1983 .................................................................................... passim

**Rules**

Fed. R. Civ. P. 56(c)..................................................................................3

iv

## I.      <u>INTRODUCTION</u>

"The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted -- indeed, for every suspect released." *Baker v. McCollan,* 443 U.S. 137, 145 (1979). Aside from the fact that Plaintiff was released based upon a later-determined Sixth Amendment violation related to his right to counsel at his criminal trial, there is no evidence of any constitutional violations that resulted in or influenced Plaintiff's conviction, and none attributable to any Defendant. Indeed, Plaintiff has failed to adduce any evidence that Harrisburg Investigators David Lau, Donald Heffner, Kevin Duffin, or Sergeant Robert Fegan fabricated any evidence, withheld any evidence, or threatened or coerced witnesses to falsely identify Plaintiff as the perpetrator of the two drive-by shooting incidents on September 2, 2001 and the murders of Thomas Easter and Anthony Burton on September 19, 2001. Accordingly, and because probable cause existed to charge Plaintiff for these crimes, the § 1983 claims arising from the investigations and prosecution are baseless and Defendant Officers are entitled to summary judgment.

The evidence shows that the investigations into the three incidents, to the extent the Defendant Officers were even involved, were thorough, reasonable, and free of any constitutional violations. There is no evidence that (1) probable cause did not exist to pursue charges; (2) Defendant Officers acted with malice; (3)

Defendant Officers withheld or fabricated evidence; or (4) the facts underlying the affidavit of probable cause were known to be wrong or incomplete. The existence of probable cause, and the absence of any evidence to support Plaintiff's remaining claims compels the entry of summary judgment in favor of Defendant Officers.

## II.   PROCEDURAL HISTORY

Plaintiff commenced this action by filing a Complaint on August 9, 2022, asserting the following claims against Defendant Officers:

- Count 1 – 42 U.S.C. § 1983 Malicious Prosecution in alleged violations of Fourth and Fourteenth Amendments
- Count 2 – 42 U.S.C. § 1983 Fabrication of Evidence and Withholding of Exculpatory Material
- Count 3 – 42 U.S.C. § 1985 Civil Rights Conspiracy
- Count 4 – 42 U.S.C. § 1983 Failure to Intervene
- Count 5 – 42 U.S.C. § 1983 Supervisory Liability (against Defendant Fegan only)
- Count 7 – State Law Malicious Prosecution
- Count 8 – State Law Outrageous Conduct Causing Severe Emotional Distress
- Count 9 – State Law Civil Rights Conspiracy

Fact discovery is complete and this matter is ripe for summary judgment.

## III.   STATEMENT OF QUESTIONS INVOLVED

A.   Whether summary judgment should be entered in favor of Defendant Officers on all claims because there is insufficient evidence to establish an essential element of each claim as to which Plaintiff bears the burden of proof?

***Suggested Answer: Yes***.

B.      Whether summary judgment should be entered because Defendant Officers are entitled to qualified immunity?

*Suggested Answer: Yes*.

## IV.    STATEMENT OF FACTS

A Joint Statement of Material Undisputed Facts ("JSOF"), jointly filed with Defendant City of Harrisburg, is being filed contemporaneously herewith.

## V.    STANDARD OF REVIEW

Summary judgment should be entered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Supreme Court articulated the summary judgment standard in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) as follows:

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial.
> *Id*.

"[I]t is proper for a district court to grant summary judgment when a plaintiff fails to produce any evidence on a necessary element of his claim." *Hernandez v. Borough of Palisades Park Police Dep't.*, 58 Fed. App'x. 909, 912 (3d Cir. 2003) (unpublished) (*citing Celotex*, 477 U.S. at 323-25). The plaintiff "need not try [his] case by carrying the burden of persuasion, but [he] must, at a minimum, produce

3

evidence on every element of [his] claim." Thus, the burden on the party moving for summary judgment is not to show the "absence of a genuine issue of material fact," but rather to show "that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. Plaintiff "must present more than just bare assertions, conclusory allegation or suspicions…" *Podobnik v. USPS*, 409 F.3d 584, 594 (3d Cir. 2005). The mere existence of some evidence in support of the claims is not enough; there must be enough evidence to allow a reasonable jury to find for Plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

In short, Plaintiff may not rest upon the mere allegations set forth in his Complaint but rather must come forward with competent evidence to establish that there is a genuine issue of *material* fact remaining for trial. After ample opportunity to conduct discovery, Plaintiff has failed to come forward with any competent evidence to support his claims and is left with what cannot sustain his burden – resting on his allegations and mere speculation.

## VI.   **ARGUMENT**

### A.   **Plaintiff's Malicious Prosecution Claims Fail**

"Whether raised under Section 1983 or state law,[1] claims for false arrest, malicious prosecution, and abuse of process require a lack of probable cause."

---

[1] Because the elements of the claim under Pennsylvania and Federal law are the same – except that Pennsylvania law does not require a deprivation of liberty – the

*Shilling v. Brush*, 2007 U.S. Dist. LEXIS 4330, *1, *26 (M.D. Pa. Jan. 22, 2007); *see also, Groman v. Township of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995).

To sustain a § 1983 malicious prosecution claim, Plaintiff must show that: "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (emphasis added); *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988) ("The proper inquiry in a § 1983 claim based on false arrest or misuse of the criminal process is not whether the person arrested in fact committed the offense, but whether the arresting officer had probable cause to believe that the person arrested had committed the offense.") The Third Circuit "has made it abundantly clear that the existence of probable cause with respect to a charged offense negates a claim for malicious prosecution" and is a complete defense. *Teeple v. Carabba*, 2009 U.S. Dist. LEXIS 119937 at *40-41 (E.D. Pa. 2009); *see also, Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007); *Wright*

claims are analyzed identically. *Zimmerman v. Corbett*, 873 F.3d 414, 418 (3d Cir. 2017).

*v. City of Phila.*, 409 F.3d 595, 603-04 (3d Cir. 2005); *Goodwin v. Conway*, 836 F.3d 321, 327 (3d Cir. 2016).

Here, the claims fail because none of the Defendant Officer initiated the charges – the Grand Jury did – and, in any event, probable cause existed and the Defendant Officers did not act maliciously.

### i. **The Grand Jury Presented the Charges.**

It is well established that "in most cases" it is the prosecutor, not a police officer, who initiates a criminal proceeding. *Manivannan v. County of Centre*, 2023 U.S.Dist.LEXIS 6186, *11-12 (M.D.Pa., Jan. 12, 2023). A police officer may be found to have initiated a criminal proceeding only if the officer "provided false information to the prosecutor or otherwise prevented the prosecutor from making an informed decision to prosecute." *Id.*, *citing Arnold v. City of Phila.*, 2017 U.S.Dist.LEXIS 207807 * 21 (E.D.Pa., Dec. 19, 2017); *see also Gallo v. City of Phila.*, 161 F.3d 217, 220 n.2 (3d Cir. 1998); *Henderson v. City of Phila.*, 853 F. Supp. 2d 514, 518-19 (E.D. Pa. 2012). Here, none of the Officer Defendants was the lead investigator for the September 19, 2001 murders of Thomas Easter and Anthony Burton at Todd and Pat's Bar ("Todd and Pat's Shooting"). That person was Investigator Timothy Carter – who is not a party to this case.

While Inv. Heffner was the lead investigator in the September 2 shooting outside Roebucks bar ("Roebucks Bar Shooting") (JSOF ¶ 13) and Det. Lau was

6

the lead investigator in the September 3 shooting on Maclay Street ("Maclay Street Shooting") (JSOF ¶ 31), and each prepared Criminal Complaints and Affidavits of Probable cause (JSOF ¶¶ 29, 33), the charges against Plaintiff stemmed from a Grand Jury Presentment. (JSOF ¶ 67). There is no evidence that any of the Defendant Officers provided false information or somehow prevented the Grand Jury from making an informed decision and, therefore the malicious prosecution claim fails.

### ii.   Probable Cause Existed.

Probable cause exists if the facts and circumstances which are within the knowledge of the police, and of which the police have reasonably trustworthy information, are sufficient to warrant a man of reasonable caution to believe that a suspect has committed a crime. *Beck v. Ohio*, 379 U.S. 89, 91 (1964). The facts must support a reasonable belief that "there is a 'fair probability' that the person committed the crime at issue." *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000). The existence of probable cause should be resolved at summary judgment when the court concludes that "the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding." *Teeple*, 2009 U.S. Dist. LEXIS 119937 at *46-47; *quoting Groman*, 47 F.3d at 635. In making this determination, "[a] court must look at the 'totality of the circumstances' and use a 'common sense' approach to the issue of probable cause." *Sharrar v. Felsing*, 128

7

F.3d 810, 818 (3d Cir. 1997), abrogated on other grounds by *Curley v. Klem*, 499 F.3d 199 (3d Cir. 2007). A plaintiff arrested pursuant to a warrant or criminal complaint may only succeed in a malicious prosecution claim by showing: "(1) that the police officer 'knowingly and deliberately, or with a reckless disregard for the truth, made statements or omissions that create a falsehood in applying for a warrant;' and (2) that 'such statements or omissions are material, or necessary, to the finding of probable cause.'" *Wilson*, 212 F.3d at 786-87.

Critically, in a claim for malicious prosecution, a grand jury indictment or presentment[2] "constitutes prima facie evidence of probable cause to prosecute" and therefore creates a "presumption of probable cause." *Rose v. Bartle*, 871 F.2d 331, 353 (3d Cir. 1989); *Xi v. Haugen*, 66 F.4th 824, 841 (3d Cir. 2023). This presumption may only be rebutted by evidence that the presentment was "procured by fraud, perjury or other corrupt means." *Xi,* 66 F.4th at 841; *citing Rose*, 871 F.3d at 353. Whether the presentment omits exculpatory evidence is irrelevant and "does not demonstrate that it was procured by fraud, perjury or other corrupt means." *Camiolo v. State Farm Fire & Casualty Co.*, 334 F.3d. 345, 363 (3d Cir. 2003).

---

[2] Under Pennsylvania law, when a grand jury issues a presentment, it recommends for prosecution **charges that it has initiated**. *Commonwealth v. Slick*, 639A.2d 482, 484 n.1 (Pa. Super. Ct. 1994) (emphasis added); *see also* 42 Pa. Cons. Stat. § 4551(a) (discussing presentments).

Here, probable cause is conclusively established by the grand jury presentment, which found, *inter alia*, that (1) Randolph was in a physical fight with Gary Waters and Alister Campbell at Roebuck's Bar, (2) that in the early morning hours of September 2, 2001, Randolph fired upon a group of men including Campbell and Waters, (3) that, later on September 2, 2001, Randolph fired at Campbell and Waters, wounding Waters, in the vicinity of Moore and Maclay Streets, and (4) that Randolph shot and killed Anthony Burton and Thomas Easter. (JSOF ¶ 67; JA 0358-0359). Plaintiff has presented no facts or evidence that these facts were procured by fraud, perjury or other corrupt means and accordingly the Presentment conclusively establishes probable cause, defeating the malicious prosecution claim.

Even if there was no Grand Jury Presentment, there is nevertheless ample probable cause to support the charges. In fact, multiple witnesses identified Randolph as the shooter in each of the September 2, 2001 Roebuck's bar drive-by shooting (JSOF ¶¶ 11-12, 18, 22, 25, 27-28, 41, 43), the September 3, 2001 Maclay Street drive-by (JSOF ¶ 32-33) and the September 19, 2001 murders (JSOF ¶ 64; JA 0345-0351).

Moreover, Plaintiff has failed to come forward with any evidence that the Defendant Officers made material statements or omissions that created a falsehood,

or that Defendant Officers acted maliciously or for a purpose other than bringing Plaintiff to justice. As such, Defendant Officers are entitled to summary judgment.

Additionally, to the extent that Plaintiff bases his claim on his arrest pursuant to capias warrant, the warrant was approved by a neutral magistrate, which conclusively determines probable cause. *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012). The Supreme Court further explained that the exception to the rule is a high bar, requiring proof that it was ***obvious*** that "no reasonably competent officer would have concluded that a warrant should issue." *Messerschmidt*, 565 U.S. at 547. (emphasis added).  This "shield of immunity" will only be lost only the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Messerschmidt*, 565 U.S. at 547, *citing Leon, 468 U.S., at 923*.

Here, each of the Affidavits was detailed and established probable cause. Plaintiff has presented no evidence that rises to the high bar of the *Messerschmidt* exception. Moreover, when Plaintiff was arrested in Virginia, it was on the basis of a court-issued and approved capias warrant (ECF 1 ¶¶ 66-68; JSOF ¶¶ 65-66). This court-issued warrant (JSOF ¶¶ 65-66; JA 0353) entitles Defendant Officers to the objective good faith presumption.

10

### iii.  <u>No Evidence of Malice.</u>

Finally, Plaintiff has failed to come forward with any evidence that the Defendant Officers acted with malice or a purpose other than bringing Plaintiff to justice. *Minatee v. Phila. Police Dep't*, 502 Fed. Appx. 225, 230 (3d Cir. 2012) (defining malice as "ill will in the sense of spite, lack of belief by the actor himself in the propriety of the prosecution, or its use for an extraneous improper purpose"), *quoting Lippay v. Christos*, 996 F.2d 1490, 1503 (3d Cir. 1993). In any event, because probable cause existed, any claim of malice is precluded, as it provides an independent and valid motive to initiate prosecution. *Wright v. City of Philadelphia*, 409 F.3d 595, 604 (3d Cir. 2005).

For these reasons, the Defendant Officers are entitled to summary judgment on the malicious prosecution claims.

### B.     **Plaintiff's Fabrication of Evidence and Withholding of <u>Exculpatory Material Claims Fail</u>**

### i.  <u>There is No Evidence of Fabrication.</u>

To state a stand-alone fabrication of evidence claim, a plaintiff must allege: (1) a "meaningful connection" between the injury and use of fabricated evidence; (2) the evidence was of such significance that it could have affected the outcome of the criminal case; (3) that testimony is fabricated, not merely incorrect or simply disputed; and (4) persuasive evidence supporting a conclusion that proponents of the evidence were aware that the evidence was incorrect or offered in bad faith.

*Boseman v. Upper Providence Township*, 680 Fed.Appx. 65, 69-70 (3d Cir. 2017);

*Black v. Montgomery Cty.*, 835 F.3d 358, 371-72 (3d Cir. 2016).

In *Halsey v. Pfeiffer*, the Third Circuit held that where a conviction is obtained in trial using fabricated evidence, a standalone claim exists if there was a reasonable likelihood that, without the use of that evidence, the defendant would not have been convicted. *Halsey*, 750 F.3d. 273, 295 (3d Cir. 2014). The Court "hastened to add" that this case should not be used by criminal defendants who later bring civil actions "beyond the scope of our holding." *Id*. at 295. The Court stated:

> "Thus, a civil plaintiff alleging that he had been convicted in a criminal prosecution in which the prosecutor fabricated evidence should not be permitted to survive summary judgment…unless he can demonstrate that the record supports a conclusion that the allegedly fabricated evidence was so significant that it could have affected the outcome of the criminal case. Moreover, testimony that is incorrect or simply disputed should not be treated as fabricated merely because it turns out to have been wrong. Therefore, for example, a witness's misidentification should not be regarded as a fabrication in the absence of persuasive evidence supporting a conclusion that the proponents of the evidence were aware that the identification was incorrect, and thus, in effect, offered the evidence in bad faith. Accordingly, we expect that it will be an ***unusual*** case in which a police officer cannot obtain summary judgment in a civil action charging him with having fabricated evidence used in an earlier criminal case."

 *Id*. (emphasis added).

In *Black*, the Third Circuit applied the claim to those acquitted "if there is a reasonable likelihood that, absent that fabricated evidence, the defendant would not

12

have been criminally charged." *Black*, 835 F.3d 358 at 371. In order to show that evidence used was fabricated, "[t]here must be persuasive evidence supporting a conclusion that the proponents of the evidence are aware that evidence is incorrect or that the evidence is offered in bad faith." *Id.*, at 372.

Against Defendant Officers, Plaintiff merely includes conclusory statements that Defendant Officers fabricated and falsified inculpatory evidence, including statements from Gary Waters, Alister Campbell, Syreeta Clayton, and Amahl Scott, but has failed to come forward with any supporting evidence. Specifically, Plaintiff's position is that Waters, Campbell, and Scott each initially declined to cooperate in the investigation and only did so until they faced some criminal liability of their own. But Plaintiff has presented no evidence that their later statements were fabricated and the Inv. Lau testified that it is normal for witnesses to not want to testify. (JA 0075-76). However, a witness's initial reluctance to cooperate alone is not sufficient to support a fabrication claim. *Coleman v. City of Peoria*, 925 F.3d 336, 346 (7th Cir. 2019); *Petty v. City of Chicago*, 754 F.3d 416, 422 (7th Cir. 2014) ("[F]abricating evidence that [the officer] knows to be false is different than getting 'a reluctant witness to say what may be true.'"). "He said, she said" type disputes cannot support a fabrication claim. *Boseman v. Upper Providence Township*, 680 F.Appx. 65, 70 (3d Cir. 2017).

13

At best, then, Plaintiff's claim rests upon mere allegations and speculation, which is insufficient to defeat summary judgment. *Orsatti v. N.J. State Police*, 71 F.3d 480, 484 (3d Cir. 1995); *Jackson v. Danberg*, 594 F.3d 210, 227 (3d Cir. 2010) ("speculation and conjecture may not defeat a motion for summary judgment").

Moreover, a fabrication claim only lies where the *prosecution used the allegedly fabricated evidence at trial. Boyer v. Harrisburg Police Dep't*, 2017 U.S. Dist. LEXIS 132583, at *14 (M.D. Pa. Aug. 17, 2017) (emphasis added). Because Plaintiff cannot show that Campbell testified at trial, the fabrication claim as it applies to him fails.

Plaintiff has not and cannot point to a scintilla of evidence suggesting that any statement taken by the aforementioned witnesses were in any way coerced or fabricated or known to any of the Defendant Officers to be false. As such, Plaintiff's unsupported claim must fail.

### ii. **No Exculpatory Evidence was Withheld.**

Plaintiff makes general boilerplate allegations against Defendant Officers of "with[holding] material exculpatory and impeaching evidence." (ECF 1 at ¶¶ 272, 283). A *Brady* violation has three elements: "1) the evidence at issue is favorable to the accused, because it is either exculpatory or impeaching; 2) the prosecution withheld it; and (3) the defendant was prejudiced because the evidence was 'material.'" *Handy v. City of Philadelphia*, 2024 U.S. Dist. LEXIS 174173 at *10

14

(E.D. Pa Sept. 26, 2024); *quoting Breakiron v. Horn*, 642 F.3d 126, 133 (3d Cir. 2011); *see also Brady v. Maryland*, 373 U.S. 83 (1963).

While law enforcement officers can be liable for a *Brady* violation for failing to disclose exculpatory information to the prosecutor[3] (*Gibson v. Superintendent of NJ Dep't of L. & Pub. Safety-Div.*, 411 F.3d 427, 443 (3d Cir. 2005)), Plaintiff has not and cannot establish that Defendant Officers withheld any exculpatory or impeaching evidence. Plaintiff rests on mere conclusions that Defendant Officers failed to disclose "material exculpatory and impeachment evidence from prosecutors and the defense, including, without limitation, information regarding the inducements provided to, and fabricated testimony provided to, numerous witnesses in the case." (ECF 1 ¶ 272). To the extent that Plaintiff relies on the investigation into Alexander Bush, the evidence shows that he was not involved in the September 2001 shootings, and, in any event, the District Attorney was well aware of the investigation because he was involved in it. (JSOF, ¶¶ 84-91).

Plaintiff has wholly failed to establish any evidence of record to suggest withholding any evidence and the claim must fail.

---

[3] A duty that only arose in 2005, well after the investigation and prosecution here.

### C.      Plaintiff's Conspiracy Claims Fail

In order to prevail on a § 1983 conspiracy claim, a plaintiff must prove the defendants "reached an understanding" to deprive him of his constitutional rights. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 293-94 (3d Cir. 2018); (*quoting Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970)). "The rule is clear that" the plaintiff "must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Id*. at 295; *see also Capogrosso v. Supreme Court of NJ.*, 588 F.3d 180, 184-85 (3d Cir. 2009).

An agreement is shown by a demonstration from the plaintiff that "the state actors named as defendants in the complaint somehow reached an understanding to deny [the plaintiff] his rights." *Id*.; (*quoting Kost v. Kozakiewicz*, 1 F.3d 176, 185 (3d Cir. 1993)). However, Plaintiff must rely on more than his own suspicions and speculation to satisfy the "meeting of the minds" element. *Estate of Martin v. United States Marshals Serv. Agents*, 649 Fed. Appx. 239, 244 (3d Cir. 2016).

First, as discussed *supra*, since there was no violation in the first instance, there can be no resulting conspiracy. *Harvard v. Cesnalis*, 973 F.3d 190, 207 (3d Cir. 2020). Second, there is no evidence which establishes that there is any factual basis to support Plaintiff's claim that Defendant Officers came to an agreement and acted in concert thereon. With the absence of these fundamental elements, Plaintiff's claims fail against all officers. *Dalal v. Molinelli*, 2026 U.S. App. LEXIS

16

5994, at *31 (3d Cir. 2026) (dismissing Federal and State conspiracy claims for absence of evidence of a conspiracy).

### D.      Plaintiff's Failure to Intervene Claim Fails

No Court has recognized a failure to intervene claim in this context and therefore it must be dismissed. While a failure to intervene claim may be cognizable in an excessive force or Eighth Amendment context (*Smith v. Mensinger*, 293 F.3d 641 (3d Cir. 2002)), the claim does not exist for the circumstances Plaintiff alleges. *Ogrod v. City of Philadelphia*, 598 F.Supp. 3d 253, 273 (E.D.Pa. 2022) ("We are aware of no legal authority on which we could base a conclusion that the individual Defendants had a clearly established duty to intervene to prevent his false arrest, malicious prosecution, false imprisonment and deprivation of liberty.") The Third Circuit has explicitly declined to extend the theory to claims where the officer allegedly fails to intervene in another's arrest lacking in probable cause (*Lazano v. New Jersey*, 9 F.4th 239, 246 n. 4 (3d Cir. 2021)) or based upon fabricated evidence. *See Ekwunife v. City of Philadelphia*, 245 F. Supp. 3d 660, 673 (E.D. Pa. 2017) (finding no legal basis for a conclusion that "a failure-to-intervene claim exists under federal . . . law. . . where a prosecutor allegedly failed to intervene to correct false information in an affidavit of probable cause submitted by a police officer"); cf. *Ekwunife v. City of Philadelphia*, 756 F. App'x 165, 170 (3d Cir. 2018) (assuming without deciding

17

that a failure to intervene claim could be asserted against an officer who served a deficient arrest warrant).[4]

Because the claim is not cognizable in this context – and because there is no evidence to support the elements of such a claim if it were recognized – the claim fails.

### E.   The Supervisory Liability Claim Against Sgt. Fegan Fails.

A §1983 supervisory liability claim against a state official in his individual capacity must be premised on one of two theories. First, an individual supervisor may be liable on grounds of personal involvement. *Fuentes v. Sch. Dist. Of Phila.*, 2019 U.S. Dist. LEXIS 58668, at *19 (E.D. Pa. April 4, 2019), *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (*citing Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs")). There is no evidence that Sgt. Fegan was personally involved in a supervisory role in this incident. In fact, Sgt. Fegan testified that he was Det. Carter's supervisor only in the administrative sense – making sure reports were filled out correctly – as opposed to being involved in directing or approving the investigation. (JA 0014, 0032, 0050).

---

[4] The absence of any law clearly establishing such a claim also entitles the Defendant Officers to qualified immunity as discussed below.

18

Second, a plaintiff can establish a supervisory liability claim by showing that "individual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *Id.*, *citing A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Detention Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004).

Plaintiff has failed to establish that Sgt. Fegan had any supervisory or policymaking authority. As Sgt. Fegan testified during his deposition, he was not even the supervisor of the investigation into Plaintiff. *See*, JSOF ₱ 1; JA 0014; 0032; 0052. As such, the claim fails under either option.

### F. The State Law Claims of "Outrageous Conduct Causing Severe Emotional Distress" Fail

A claim for intentional infliction of emotional distress[5] ("IIED") requires a showing of extreme and outrageous conduct that intentionally or recklessly caused severe emotional distress and if bodily harm to the other results from it, for such bodily harm. *Jacobs v. Palmer,* 2016 U.S. Dist. LEXIS 61494, at \*4 (E.D. Pa. May 10, 2016*) (quoting* Restatement (Second) of Torts, § 46). Plaintiff cannot succeed because he has not established "extreme or outrageous conduct" beyond a mere legal conclusion. *Anderson v. Perez*, 677 Fed.Appx 49, 53 (3d Cir. 2017) (granting

---

[5] Which is presumably the intended claim.

19

summary judgment on IIED claim). Moreover, the existence of probable cause defeats claims for IIED (*Dintino v. Echols*, 243 F.Supp. 2d 255, 267-68 (E.D.Pa. 2003)) and Plaintiff has presented no evidence of severe emotional distress (*Garcia v. Rzeszewski*, 2026 U.S.Dist.LEXIS 67850 *41-42 (M.D.Pa., Mar. 30, 2026) (granting summary judgment on IIED claim absent evidence of severe distress resulting in physical harm)).

### G.     Defendant Officers are Entitled to Qualified Immunity

While it is clear Defendant Officers did not violate Plaintiff's constitutional rights, Defendant Officers are nevertheless entitled to qualified immunity, which protects government officials from facing suit, not merely liability. *Saucier v. Katz*, 533 U.S. 194, 200-201 (2001). A government official is entitled to qualified immunity if a reasonable official could have believed that his conduct was lawful in light of clearly established law and the information the official possessed at the time. *Karnes v. Skrutski*, 62 F.3d 485, 491 (3d Cir. 1995). Qualified immunity gives government officials "ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991). The *Saucier* Court articulated the two-step test for determining qualified immunity: "first . . . whether a constitutional right would have been violated under the facts alleged; second, assuming the violation is established, . . . whether the right was clearly established." *Id*. at 200. "Clearly

established" requires that "it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." *Id*. at 202. A government official is entitled to qualified immunity if his actions are those that a reasonable official would have taken. *Karnes*, 62 F.3d at 494.

As detailed above, there is no evidence Defendant Officers violated Plaintiff's rights. Moreover, qualified immunity has been granted in similar circumstances. *See*, *e.g.*, *Lincoln v. Hanshaw*, 375 Fed.Appx. 185, 190 (3d Cir. 2010) (qualified immunity on false arrest, malicious prosecution, abuse of process, and civil rights conspiracy because plaintiff failed to show a constitutional violation); *Brasher v. N.J. State Park Police*, 2025 U.S. Dist. LEXIS 16611, at *45 (D.N.J. Jan. 30, 2025) (qualified immunity granted on fabrication claim where evidence was merely disputed and plaintiff failed to show intentional or reckless conduct); *Ogrod*, 598 F.3d at 273 (dismissing failure to intervene in malicious prosecution claim on qualified immunity grounds because no authority for a duty to intervene exists); *Johnson v. City of Reading*, 2025 U.S.Dist.LEXIS 257195, *21-22 (E.D. Pa. Dec. 12, 2025) (no duty of police officer to disclose evidence favorable to the accused to the prosecutor until 2005); *Thorpe v. City of Philadelphia*, 2020 U.S.Dist.LEXIS 158682, *31 (E.D.Pa., Aug. 31, 2020) (granting qualified immunity to police officers in a failure to intervene in a

21

fabrication of evidence or withholding of evidence claim because such a right was not clearly established).

Accordingly, the Defendant Officers are entitled to qualified immunity on all Federal claims.

## VII.   **CONCLUSION**

Based upon the foregoing, the Defendant Officers respectfully request that this Court enter an Order granting summary judgment in their favor and against Plaintiff, *with prejudice*.

**MacMAIN LEINHAUSER PC**

Dated:  May 14, 2026          By:   */s/ Brian C. Conley*
David J. MacMain
Brian C. Conley
Attorney I.D. Nos. 59320 / 311372
433 W. Market Street, Suite 200
West Chester, PA 19382
dmacmain@macmainlaw.com
bconley@macmainlaw.com
484-318-7106
*Attorneys for Defendants Sgt. Robert*
*Fegan, Detective David Lau, and*
*Investigators Donald Heffner and*
*Kevin Duffin*

22

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Brian C. Conley, attorney for Defendants Sgt. Robert Fegan, Detective David Lau, and Investigators Donald Heffner and Kevin Duffin, hereby certify that this Brief is in compliance with the type/volume requirements set forth in This Court's Local Rule 7.8 as it contains 22 pages and 4,980 words.

**MacMAIN LEINHAUSER PC**

Dated: <u>May 14, 2026</u>         By:  */s/ Brian C. Conley*
                                        Brian C. Conley
                                        Attorney I.D. No. 311372
                                        bconley@macmainlaw.com
                                        484-318-7106
                                        433 W. Market Street, Suite 200
                                        West Chester, PA 19382
                                        *Attorney for Defendants Sgt. Robert Fegan, Detective David Lau, and Investigators Donald Heffner and Kevin Duffin*

23

## <u>CERTIFICATE OF CONCURRENCE / NON-CONCURRENCE</u>

I, Brian C. Conley, attorney for Defendants Sgt. Robert Fegan, Detective

David Lau, and Investigators Donald Heffner and Kevin Duffin, certify that

concurrence/nonconcurrence in the present *Brief in Support of Defendants' Motion*

*for Summary Judgment* was sought from all counsel. Counsel for Co-Defendant

City of Harrisburg concurs. Plaintiff's counsel does not concur.

**MacMAIN LEINHAUSER PC**

Dated: <u>May 14, 2026</u>          By:    /s/ Brian C. Conley_____
                                    Brian C. Conley
                                    Attorney I.D. No. 311372
                                    bconley@macmainlaw.com
                                    484-318-7106
                                    433 W. Market Street, Suite 200
                                    West Chester, PA 19382
                                    *Attorney for Defendants Sgt. Robert*
                                    *Fegan, Detective David Lau, and*
                                    *Investigators Donald Heffner and*
                                    *Kevin Duffin*

24

## CERTIFICATE OF SERVICE

I, Brian C. Conley, hereby certify that on this 14th day of May 2026, the

foregoing was served upon the following counsel of record via ECF:

Paul A. Ellis, Jr., Esquire
John K. Bryan, Esquire
Sommer Law Group, P.C.
6 Market Square
Pittsburgh, PA 15222
*Attorneys for Plaintiff*

Brian P. Gabriel, Esquire
Campbell Durrant, P.C.
535 Smithfield Street, Suite 700
Pittsburgh, PA 15222
*Attorney for Co-Defendant City of Harrisburg*

**MacMAIN LEINHAUSER PC**

By:  */s/ Brian C. Conley*
     Brian C. Conley
     Attorney I.D. No. 311372
     433 W. Market Street, Suite 200
     West Chester, PA 19382
     bconley@macmainlaw.com
     484-318-7106
     *Attorney for Defendants Sgt. Robert*
     *Fegan, Detective David Lau, and*
     *Investigators Donald Heffner and*
     *Kevin Duffin*